C. SIDNEY SHEPARD et al., Respondents, *v.* HARMON H. FULTON, Appellant.

1. CORPORATIONS — FAILURE TO FILE ANNUAL REPORT — NOTICE OF INTENTION TO HOLD DIRECTOR PERSONALLY LIABLE FOR DEBTS. An action against a director of a corporation to enforce his personal liability for its debts because of failure to file the annual report required by section 30 of the Stock Corporation Law (L. 1892, ch. 688), brought before the passage of section 34 of that act (L. 1899, ch. 354), is not within the terms thereof declaring that no director or officer of any stock corporation shall be liable to any creditor of the corporation because of failure to make or file an annual report, "whether heretofore or hereafter occurring," unless within three years after the occurrence of the act or default written notice of intention to hold him personally liable is served upon him, since its retroactive provisions are to be construed as relating entirely to defaults occurring before the passage of the section as to which rights had not become fixed and upon which actions have not been brought, and have no application to actions to enforce any such liability which were in existence at the time of its enactment.

2. SAME. The service of a written notice of intention to hold such director personally liable is not necessary as a condition precedent to an action commenced in 1899 after the passage of section 34 on debts existing and for a default, liability for which had not been waived, occurring prior to the enactment of the section, since his liability may be enforced by an action begun at any time within the year 1899, without notice, "or by an action begun thereafter if within such year written notice of intention to enforce such liability shall be given" as provided in the preceding part of the section.

3. WHEN SPECIFIC FINDING AS TO WAIVER UNNECESSARY. No specific finding that the personal liability of such director had not been waived by the plaintiff or by the original creditors or by any provision of any instruments creating such debts, is necessary to support a judgment against him in an action brought after the passage of section 34, since the burden is upon the defendant to allege and prove such a waiver; if the action was brought before the passage of such section it is not governed thereby.

*Shepard* v. *Fulton*, 55 App. Div. 329, affirmed.

(Argued April 18, 1902; decided May 13, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 23, 1900, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick Collin* for appellant. The findings of fact do not justify the conclusions of law, because they do not include a finding that the plaintiffs within the year 1899 served upon the defendant written notice of their intention to hold him personally liable for their claims, nor a finding that the liability of defendant under the default in filing the report had not been waived by the plaintiffs or the original creditors, or by any provision of any instrument creating such debts. (*Hay* v. *Knauth*, 169 N. Y. 298.) The service of the notice is a condition precedent to the right to enforce the liability by action. There is no right of recovery, no right to a judgment until service of the notice is established. Facts which do not show a right of recovery fail to show a cause of action. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Fisher* v. *Mayor*, etc., 67 N. Y. 73; *Graham* v. *Scripture*, 26 How. Pr. 501; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Arnson* v. *Murphy*, 115 U. S. 579; *D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250; *Porter* v. *Beard*, 124 U. S. 429; *Austin* v. *Goodrich*, 49 N. Y. 266.) Inasmuch as the right of recovery or right of action has such conditions precedent thereto, the complaint must allege, and plaintiff's proof must show, that the written notice had been served and that the liability created by the default had not been waived. (*Reining* v. *City of Buffalo*, 102 N. Y. 302; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *M. C. Inst.* v. *Haskel*, 71 Me. 487; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Gallagher* v. *Baird*, 54 App. Div. 398; *Patterson* v. *City of Brooklyn*, 6 App. Div. 127; *Graham* v. *Scripture*, 26 How. Pr. 501; *Glover* v. *Tuck*, 24 Wend. 153; *Austin* v. *Goodrich*, 49 N. Y. 266; *Whitney* v. *Cammann*, 137 N. Y. 342.) Because the complaint did not state performance of the condition precedent or the existence of the fact upon which plaintiffs' right of recovery was complete it did not state a cause of action, and defendant was not obliged to allege such defect in his answer and could raise it upon the trial. (*Weeks* v. *O'Brien*, 141

N. Y. 199; *Edwards* v. *Law*, 63 App. Div. 451.) If a
statute prescribes a penalty for its violation, such penalty is at
all times subject to destruction, modification or limitations by
the legislature. (Suth. on Stat. Const. § 166; *V. W. P. Co.*
v. *Beecher*, 26 Hun, 48; *Nash* v. *White's Bank*, 105 N. Y.
243; *Westchester Co.* v. *Dressner*, 23 App. Div. 215; *Butler*
v. *Palmer*, 1 Hill, 324.) There being no clause in the act of
1899 saving pending prosecutions or existing rights from the
effect of the statute, this action, in which judgment had not
been obtained, became subject to the provisions of the amend-
ing statute. (*People* v. *U. & D. R. R. Co.*, 128 N. Y. 240;
*Nash* v. *White's Bank*, 105 N. Y. 243; *Butler* v. *Palmer*,
1 Hill, 324; *Hartung* v. *People*, 22 N. Y. 95; *Mix* v. *I. C.
R. R. Co.*, 116 Ill. 502; *Matter of Davis*, 149 N. Y. 539;
*Lazarus* v. *M. E. R. Co.*, 145 N. Y. 581; *Jones* v. *City of
Albany*, 151 N. Y. 223; *Curry* v. *City of Buffalo*, 135 N.
Y. 366; *Krall* v. *City of New York*, 44 App. Div. 259.)

*Irving W. Cole* for respondents. The statute in question
does not apply to or affect this action or the liability here
sought to be enforced, because such liability arises from a
default existing at the time the statute took effect, and the
action was begun within the year 1899. (*Allen* v. *Stevens*,
161 N. Y. 122; *People* v. *Angle*, 109 N. Y. 564; *Mangam*
v. *City of Brooklyn*, 98 N. Y. 585; *People* v. *McGloin*, 91
N. Y. 241; *Rau* v. *People*, 63 N. Y. 277; *People* v. *Ben-
niston*, 23 N. Y. 247; *Wynehamer* v. *People*, 13 N. Y. 378;
*Sheldon* v. *Wright*, 5 N. Y. 497; *People* v. *Benton*, 29 N.
Y. 534; *People* v. *Smith*, 69 N. Y. 195.) The statute does
not apply to or affect this action or cause of action because
the action was commenced before, and was pending at the
time, it was enacted. (*St. G. V. Co.* v. *Fritz*, 48 App. Div.
233; *G. B. W. Co.* v. *Fritz*, 49 App. Div. 647; *Walker* v.
*Walker*, 155 N. Y. 77, 81; *G. S. Bank* v. *Suspension
Bridge*, 159 N. Y. 362; *People* v. *Keller*, 157 N. Y. 90;
*People* v. *Butler*, 147 N. Y. 164; *People* v. *Crennan*, 141
N. Y. 239; *People ex rel.* v. *McCally*, 94 N. Y. 587; *Matter*

*of the Evergreens*, 47 N. Y. 216; *Amsbry* v. *Hinds*, 48 N. Y. 57; *Fitzpatrick* v. *Boylan*, 57 N. Y. 433; *N. Y. & O. M. R. Co.* v. *Van Horn*, 57 N. Y. 473; *People* v. *Supervisors, etc.*, 43 N. Y. 130.) The defendant should have pleaded this statute and non-compliance with it on the part of plaintiffs to make it available here as a defense. (*Rowell* v. *Janvrin*, 151 N. Y. 60; *Weisner* v. *Ocumpaugh*, 71 N. Y. 113; *Styles* v. *Fuller*, 101 N. Y. 622; *Dean* v. *Railway Co.*, 119 N. Y. 540, 544.) If the giving of the notice was a condition precedent, either to the commencement of the action or to the liability, its performance will be excused because impossible and unnecessary. (*Buess* v. *Koch*, 10 Hun, 298; *U. S. G. Co.* v. *Vary*, 152 N. Y. 121; *Shellington* v. *Howland*, 53 N. Y. 371; *Kincaid* v. *Dwinelle*, 59 N. Y. 548; *Cuykendall* v. *Corning*, 83 N. Y. 129; *Harden* v. *Sage*, 124 N. Y. 25; *Hunting* v. *Blun*, 143 N. Y. 511; *Bristor* v. *Smith*, 158 N. Y. 157.) Plaintiffs fully complied with the statute. (*McQueen* v. *New*, 45 App. Div. 583; *Allen* v. *Stevens*, 161 N. Y. 122; *Berger* v. *Varrelman*, 127 N. Y. 281.)

Werner, J. This action is brought to recover of the defendant, as a director of a domestic stock business corporation, known as the Eclipse Electric Lamp Company, the amount of certain debts owing by said corporation. Defendant's liability is predicated upon the failure of said corporation to file an annual report in January, 1896, and defendant's omission to make and file the certificate provided for by section 30 of the Stock Corporation Law as it stood in January, 1896. There are no disputed facts. The Eclipse Electric Lamp Company was incorporated in November, 1895. The defendant was a director thereof from November 19th, 1895, to April 17th, 1896. No annual report was filed by the corporation in January, 1896, or at any time thereafter, and no certificate was made and filed by the defendant within thirty days after the first of February, 1896, as then provided for in section 30 of the Stock Corporation Law. The said corpora-

tion became indebted to the plaintiffs and their several assignors, as set forth in the findings of the court, while defendant was such director and during said default. As the Stock Corporation Law stood in January, 1896, it provided (Sec. 30): " Every stock corporation, except monied and railroad corporations, shall annually, during the month of January ⁎ ⁎ ⁎ make a report as of the first day of January, which shall state : 1. The amount of its capital stock, and the proportion actually issued. 2. The amount of its debts or an amount which they do not then exceed. 3. The amount of its assets or an amount which its assets at least equal. Such report shall be signed by a majority of its directors, and verified by the oath of the president or vice-president and treasurer or secretary, and filed in the office of the secretary of state and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made. No director shall be liable for the failure to make and file such report if he shall file with the secretary of state, within thirty days after the first of February, ⁎ ⁎ ⁎ a verified certificate, stating that he has endeavored to have such report made and filed, but that the officers or a majority of the directors have refused and neglected to make and file the same, and shall append to such certificate a report containing the items required to be stated in such annual report, so far as they are within his knowledge or are obtainable from sources of information open to him, and verified by him to be true to the best of his knowledge, information and belief."

With the exception of certain amendments which are of no importance here, the Stock Corporation Law remained as above stated until April 18th, 1899, when it was amended by adding thereto a new section (34) which, so far as it is applicable to the issues involved, reads as follows : " No director or officer of any stock corporation shall be liable to any creditor of the corporation, ⁎ ⁎ ⁎ because of any failure to make

or to file an annual report, whether heretofore or hereafter occurring; (1) In case of any debt, as to which personal liability of directors or officers may be or shall have been waived by such creditor, or by any one under whom he claims; or by any provision of any instrument creating or securing such debt; or (2) Unless within three years after the occurrence of the act or the default in respect of which it shall be sought to charge the director or officer, such creditor shall have served upon such director or officer written notice of his intention to hold him personally liable for his claim; provided, nevertheless, that any such liability, because of any such default now existing and not waived as above provided, may be enforced by action begun at any time within the year eighteen hundred and ninety-nine or by action begun thereafter, if within such year written notice of intention to enforce such liability shall have been given as above provided."

Upon the law and facts above referred to, the learned trial court found that the defendant became personally liable for the payment of said debts and that the plaintiffs were entitled to judgment against him. The judgment entered upon this decision has been unanimously affirmed by the Appellate Division. Upon this appeal the defendant assails the judgment herein upon two grounds: (1) Because the findings of the trial court do not include a finding that the plaintiffs, within the year 1899, served upon the defendant written notice of their intention to hold him personally liable for their claims. (2) That there is no finding that the liability of the defendant under the default in filing the report had not been waived by the plaintiffs or the original creditors; or by any provision of any instrument creating such debt. These points involve the construction of the statute of 1899 as well as the sufficiency of the findings. The construction of the statute is before us in two aspects. The first inquiry is whether it applies to the case at bar; the other requires us to ascertain the meaning of its language. There is no finding as to the time of the commencement of the action. The case on appeal, made up by the appellant, recites that the action was com-

menced on February 3rd, 1899.    Counsel for the respondents argues that this is an admission which is equivalent to a finding, and upon this assumption he contends that the statute, which did not become a law until April 18th, 1899, has no application to this case.    Counsel for the appellant contends that if the legality of plaintiff's judgment depends upon the commencement of the action within the year 1899, then this essential fact should have been proven to the court and embodied in its judgment.    This particular question may be briefly disposed of.    The judgment recites that the action was tried on the 23rd day of November, 1899. An action cannot be tried until after it has been commenced. This action was, therefore, commenced at some time prior to November, 1899.    If it was before April 18th, 1899, we have the question whether the statute applies, and if after that date, the question as to its meaning.    Assuming that the action was commenced on the third day of February, 1899, as recited in the statement prefixed to the printed record, we think the statute has no application to the case at bar.    That portion of the second subdivision of section 34 of the Stock Corporation Law, which precedes the proviso therein contained, is wholly prospective and not retroactive.    The statute declares that " No director or officer of any stock corporation shall be liable to any creditor of the corporation   *   *   *   because of any failure to make or to file an annual report, whether heretofore or hereafter occurring,   *   *   *   unless within three years after the occurrence of the act or the default in respect of which it shall be sought to charge the director or officer, such creditor shall have served upon such director or officer written notice of his intention to hold him personally liable for his claim."    Section 30 of the Stock Corporation Law contained no limitation upon the time within which the liability of directors therein created could be enforced.    The only limitation was found in section 394 of the Code of Civil Procedure, which provides that an action to recover a penalty or forfeiture, or to enforce a liability created by law against a director or stockholder of a corporation, must be brought within three years

after the cause of action has accrued. The liability of a
director under section 30 being in the nature of a penalty,
actions to enforce such liability were governed by the provis-
ions of said section 394 of the Code. (*Losee* v. *Bullard*, 79
N. Y. 404; *Knox* v. *Baldwin*, 80 id. 610; *Duckworth*
v. *Roach*, 81 id. 49; *Merchants' Bank* v. *Bliss*, 35 id.
412.)

In *Staten Island Midland Railroad Company* v. *Hinch-
liffe* (170 N. Y. 473) we said: "This state of the law, prior to
the passage of the act of 1899, frequently visited severe pen-
alties upon the directors of corporations which had neglected
to file their annual reports." Prior to April, 1899, the three
years' Statute of Limitations could only be set in motion by the
occurrence of three things: *First.* There had to be a debt
existing. *Second.* The debt had to be due. *Third.* The
default in filing the annual report had to occur during the
existence of the debt. Thus a director, who was in office
when a debt was incurred, but was out of office when it
matured, might be liable for the debts of the company because
a default had occurred in filing the annual report while he
was in office. If such a debt, although in existence at the
time of the default, had many years to run before it matured,
a director could be sued and held liable long after his abil-
ity to make an effective defense had been destroyed or
greatly weakened by lapse of time. (*Morgan* v. *Hedstrom*,
164 N. Y. 224, 234.) It was this situation which chapter 354,
Laws of 1899, was intended to relieve. It first provided
"that no director or officer of any stock corporation shall be
liable to any creditor of the corporation * * * because
of any failure to make or file an annual report heretofore or
hereafter occurring * * * unless within three years after
the occurrence of * * * the default * * * such
creditor shall have served upon such director or officer written
notice of his intention to hold him personally liable for his
claim. * * *" The obvious import of the language just
quoted is that a director should have notice within three
years after the default in making and filing the report of a

debt which could not be barred within that time, because not then due.

There is nothing in the statute of 1899 which either in express terms or by necessary implication affects or destroys causes of action already in suit when the law took effect. Its retroactive provisions relate entirely to the failure to make and file annual reports prior to April, 1899, and, as stated in *St. George Vineyard Co.* v. *Fritz* (48 App. Div. 238), "full effect can be given to its retroactive provisions by construing the word ' heretofore ' as applying to defaults which occurred before the passage of the amendment, but as to which rights had not become fixed and upon which actions have not been brought to enforce such rights." It would, it seems to us, be going a long way in the direction of judicial legislation to hold that the statute of 1899 required the service of notice of intention to sue upon a claim already in suit when the statute took effect, or that it was intended, without express language to that effect, to destroy causes of action then in litigation, but which would be barred if it were necessary to bring a second action preceded by such notice. We think, therefore, that the statute of 1899 has no application to actions in existence at the time of its enactment.

Let us now assume that the action was brought after April 18th, 1899. It must have been commenced in 1899 because the trial was begun on November 23rd, 1899, as appears from the decision. The language of the proviso in said second subdivision of the amendment of 1899 (Sec. 34, Stock Corp. Law) is " provided, nevertheless, that any such liability now existing * * * may be enforced by action begun at any time within the year 1899, *or* by action begun thereafter, if within such year written notice of intention to enforce such liability shall be given as above provided."

In *Staten Island Midland Railroad Company* v. *Hinchliffe* (*supra*) we said : " By reading this statute as a whole we see that unless this proviso had been added a debt which had existed for more than three years at the time the statute was passed, but which was not then due, would have been cut off.

The purpose of the proviso, therefore, was to give a creditor holding such a debt an opportunity during the time between April 18th, 1899, when the statute went into effect, and the end of that year, to save his claim by either commencing his action within that time, if the debt should become due, *or* by serving the notice provided for within that time."

We are not advised by the findings when the debts sued upon by the plaintiff became due, but they were undoubtedly due when the action was commenced, else they would not · have passed unchallenged. The default having occurred and the debt being in existence at the commencement of the action, this case is brought within the alternative provisions of the proviso which permits action to be brought within the year 1899, or in certain cases after that year if notice is served within the year. Unless the proviso means that actions brought after the enactment of said section 34 and within the year 1899, may be commenced without notice, it is meaningless. Construed as above stated it provides a reasonable and intelligent scheme designed to cover all the contingencies which could fairly be anticipated as results of the enactment of that section.

We are, therefore, led to the conclusion that if this action was not commenced until after April 18th, 1899, but within that year, as it must have been, then its commencement without notice was authorized.

The learned counsel for the appellant further argues that the absence of a specific finding " that the liability of defendant under the default in filing the report had not been waived by the plaintiffs or by the original creditors; or by provision of any instruments creating such debts," is fatal to plaintiffs' judgment. There are several answers to this claim. *First.* If the action was commenced before April 18th, 1899, it is not governed by the provisions of the statute (Sec. 34) of that year. *Second.* If the action was commenced after the enactment of said section 34, so that it does apply, then the defendant should have alleged and proved that his personal liability had been waived by the plaintiffs or their assignors; or by

some provision of the instruments creating the debts upon which the defendant's liability is predicated. (*Rowell* v. *Janvrin*, 151 N. Y. 67.) The rule laid down in that case as applied to the case at bar may be briefly stated thus: Defendant's liability was created by section 30 of the Stock Corporation Law as it existed on January 1st, 1896. This statute was modified in 1899 by an amendment under which the liability was made to depend upon certain conditions. This modification was in the nature of a proviso, which the plaintiff was not bound to negative, either in his pleading or proof. The burden was on the defendant to aver and prove that the case was one falling within the terms of the amendment of 1899. Since he failed to plead or prove this essential fact, he cannot complain because it is not found.

The views above set forth render it unnecessary to consider the incidental questions discussed by counsel.

The judgment of the Appellate Division should be affirmed with costs.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, VANN and CULLEN, JJ., concur.

Judgment affirmed.