WOOD & SELICK, Appellant, v. ANNIE M. BALL, Respondent.

CORPORATIONS — ACTION BY FOREIGN CORPORATION — COMPLIANCE WITH PROVISIONS OF SECTION 15 OF GENERAL CORPORATION LAW MUST BE ALLEGED IN COMPLAINT. The provisions of section 181 of the Tax Law (L. 1896, ch. 908; amd. L. 1901, ch. 558, § 1), commanding the payment of a license fee by foreign corporations for the priv.lege of carrying on business within this state, and prohibiting the maintenance of

actions by such corporations in the courts of this state unless such license fee shall have been paid within certain specified times, is a condition subsequent to their right to carry on business within the state, and a complaint in an action by such a corporation is not defective for failure to allege a compliance with this section, non-compliance being a matter of defense to be availed of by answer; but the requirement of section 15 of the General Corporation Law (L. 1892, ch. 687; amd. L. 1901, ch. 538, § 1), that "No foreign stock corporation other than a monied corporation shall do business in this state without first having procured ✻ ✻ ✻ a certificate that it has complied with all the requirements of law ✻ ✻ ✻" and prohibiting any such corporation from maintaining "any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate," is a condition precedent to the right of such a corporation to lawfully do business in this state, the procurement of such license prior to the transaction of any business being necessary to validate its contracts ; and in an action brought by it to recover for goods alleged to have been sold and delivered an allegation in the complaint that the condition precedent in the statute has been performed is essential in order to set forth a cause of action, and the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by the failure to raise it by demurrer or answer.

*Wood & Selick* v *Ball,* 114 App. Div. 743, affirmed.

(Argued October 30, 1907; decided December 17, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 14, 1906, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

This action was commenced on the 28th of November, 1904, in the County Court of Jefferson county. The following is a copy of the complaint, aside from the title and demand for judgment.

"For a complaint against defendant, plaintiff alleges, that it is a foreign corporation, duly organized under the laws of the State of New Jersey, and having its principal office for the transaction of business in the City of New York, N. Y., and that the defendant is a resident of the City of Watertown, Jefferson County, N. Y.

"Plaintiff further alleges, that on or about the dates men-

tioned in schedule 'A,' hereto annexed and made to form a part hereof, plaintiff sold and delivered to defendant, at her request at Watertown, N. Y., all the goods, wares and merchandise mentioned in said schedule 'A,' and consisting of an. article used by bakers and known to the trade as 'Liquid Egg.' That said goods were reasonably worth $97.44 and for which defendant promised to pay plaintiff that sum; that said goods were sold upon a credit of 30 days net or cash less one per cent, which term of credit has long since expired; that no part of said sum of $97.44 has been paid and defendant is indebted to plaintiff therefor in the sum of $97.44 and interest thereon from the 29th day of April, 1904."

Annexed to the complaint was a schedule showing that the goods were sold between the fifteenth of October and the fourth of December, 1903.

The answer contained a partial denial and a counterclaim for breach of warranty, to which a reply was served. There was no allegation in any pleading, nor any evidence, that the plaintiff either had or had not complied with section fifteen of the General Corporation Law.

Upon the trial plaintiff produced evidence tending to support every allegation of the complaint. It was also proved. without objection that the plaintiff is a stock corporation. The defendant put in no evidence but moved for a nonsuit and the court granted the motion upon the ground that the complaint did not set forth a cause of action, in that it contained no allegation of compliance by the plaintiff with section fifteen of the General Corporation Law. Upon appeal to the Appellate Division the judgment was affirmed, one of the justices dissenting. The plaintiff appealed to this court.

*G. S. McCartin* and *John N. Carlisle* for appellant. The trial court erred in nonsuiting the plaintiff. (*Fuller & Co.* v. *Schrenk*, 58 App. Div. 222; 171 N. Y. 670; *C. R. Parmelee Co.* v. *Haas*, 171 N. Y. 579; *Crane* v. *Powell*, 139 N. Y. 379; *Well* v. *Monihan*, 129 N. Y. 161; *Rowell* v. *Janvrin*, 151 N. Y. 60; *Rima* v. *R. I. Works*, 120 N. Y.

433; *Welsbach Co.* v. *N. G. & C. Co.*, 96 App. Div. 52; 180 N. Y. 533.) The failure to comply with the statute must be pleaded as a matter of defense unless it appeared on the face of the complaint. (*O'Reilly, Skelly & Fogarty Co.* v. *Greene*, 18 Misc. Rep. 423; *Nicoll* v. *Clark*, 13 Misc. Rep. 128; *Thompson* v. *C. Assur. Co.*, 33 Misc. Rep. 39; *Aikens, Lambert & Co.* v. *Haskins*, 27 Misc. Rep. 631; *International Society* v. *Dennis*, 76 App. Div. 327; *N. Y. T. C. Co.* v. *Williams*, 102 App. Div. 1; *L. & N. E. R. R. Co.* v. *A. B. & T. Co.*, 40 Misc. Rep. 698; *Emerich* v. *Sloane*, 108 App. Div. 330; *D. F. S. Co.* v. *J. G. & J. R. Co.*, 87 App. Div. 21.)

*J. A. McConnell* for respondent. The plaintiff, being a foreign stock corporation, other than a moneyed corporation, and the complaint having failed to allege compliance with section 15 of the General Corporation Law, prohibiting foreign stock corporations from doing business in this state and from maintaining any action in this state upon any contract made in this state unless prior to the making of such contract the required certificate shall have been procured, such complaint is defective and demurrable, on the grounds that it does not state facts sufficient to constitute a cause of action. (*Welsbach Co.* v. *N. G. & E. Co.*, 96 App. Div. 52; 180 N. Y. 533.) The failure of plaintiff to allege and prove compliance with the statute was properly raised at the close of plaintiff's proofs. (Code Civ. Pro. § 499; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Coffin* v. *Reynolds*, 37 N. Y. 640; *Sheridan* v. *Jackson*, 72 N. Y. 170; *Thrall* v. *Vil. of Cuba*, 88 App. Div. 410.) The statutory provisions requiring foreign stock corporations to procure the certificate therein mentioned, attached as a condition precedent to the commencement of any action by this corporation in the courts of this state upon the contract set forth in the complaint herein. And it was, therefore, necessary for the plaintiff to allege in its complaint and prove upon the trial a compliance with said provisions. (*Welsbach* v. *N. G. & E. Co.*, 96 App. Div. 52; *Reining* v.

*City of Buffalo,* 102 N. Y. 308; *Thrall* v. *Vil. of Cuba,* 88 App. Div. 410; *Jewell* v. *City of Ithaca,* 72 App. Div. 220; *Fuller* v. *Schrenk,* 58 App. Div. 222; *Pope* v. *T. H. C. Co.,* 107 N. Y. 61; *Seaman* v. *Barentsen,* 180 N. Y. 333.)

Vann, J. The question presented by this appeal has led to some conflict of opinion. (*Fuller* v. *Schrenck,* 58 App. Div. 222; *Welsbach Co.* v. *Norwich Gas & Electric Co.,* 96 App. Div. 52.) While we regard the conflict as now settled, a few words may remove a doubt which has arisen because we have held that the failure of the plaintiff to allege compliance with section fifteen of the General Corporation Law renders a complaint demurrable, and have also held that the failure to allege compliance with section 181 of the Tax Law does not render a complaint demurrable. (*Welsbach Co.* v. *Norwich Gas & Electric Co.,* 180 N. Y. 533; *Parmele Co.* v. *Haas,* 171 N. Y. 579.)

These decisions are not in conflict. Each rests upon a statute peculiar to itself, which differs so essentially from that governing the other as to effect a different purpose and call for the application of a different rule in pleading. An examination of the decisions, the one rendered with an opinion and the other by simply answering questions certified, without comparing the statutes upon which they are founded, has led to some confusion which we now hope to dispel.

In the *Parmele* case we had before us the Tax Law, which is a revenue act. As written when that case was decided it provides that "Every foreign corporation," with certain exceptions not now material, "authorized to do business under the General Corporation Law, shall pay to the state treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state, during the first year of carrying on its business in this state; and if any year thereafter any such corporation shall employ an increased

amount of its capital stock within this state, the same license fee shall be due and payable upon any such increase. The tax imposed by this section on a corporation not heretofore subject to its provisions shall be paid on the first day of December, 1901, to be computed upon the basis of the amount of capital stock employed by it within the state during the year preceding such date, unless on such date such corporation shall not have employed capital within the state for a period of thirteen months in which case it shall be paid within the time otherwise provided by this section. No action shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the state, or if at the time this section takes effect such a corporation has been engaged in business within this state for more than twelve months, without obtaining such receipt within thirty days after such tax is due." (L. 1896, ch. 908, § 181 ; L. 1901, ch. 558, § 1.)

In the *Welsbach* case we had before us the General Corporation Law, which is not a revenue act, but is designed to regulate domestic corporations of all kinds and to prescribe the conditions upon which foreign stock corporations may do business in this state. It provides that " No foreign stock corporation other than a monied corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business * * *. No such corporation now doing business in this state shall do business herein after December 31st, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation

doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate." (L. 1892, ch. 687, § 15; L. 1901, ch. 538, § 1.)

The provision of the Tax Law, which led to the result reached in the *Parmele* case, is a condition subsequent. There is a command to pay a license fee for the privilege of carrying on business in this state, but not until business has been carried on for a longer or shorter period, varying according to circumstances. The amount is to be fixed by the comptroller, who is authorized to examine books, records and employees for that purpose. (L. 1895, ch. 240.) It cannot be paid in advance, for it must first be computed and the computation is made on the basis of the capital stock employed in this state, which cannot be known in advance. When computed on that basis it is to be paid " within thirty days after such tax is due." Unless it is paid within thirteen months after the commencement of business in this state, or if the corporation has already carried on business in this state for a certain length of time, within thirty days after the tax is due, no action can be maintained in our courts by the corporation in default. There is no express prohibition against doing business without a license, but a penalty is imposed through the withholding of the right to sue, unless a license fee is paid within the period prescribed. We, therefore, held that a complaint which did not allege compliance with this section was not defective for that reason, but that noncompliance was a matter of defense, to be availed of by answer. This is in accordance with the general rule that performance of a condition subsequent, which continues in force a right already acquired, need not be pleaded, while performance of a condition precedent, by which the right itself is acquired in the first instance, must be pleaded.

On the other hand, the requirement of section 15 of the General Corporation Law, which led to the result in the *Welsbach* case, is a condition precedent to the right of a foreign stock corporation to lawfully do business in this state.

The procuring of a license must precede the transaction of business or the contracts of the corporation are not lawful. Aside from the provision withholding legal remedies, no such corporation can lawfully make contracts in this state without obtaining the certificate in advance. The object of this statute is not to raise revenue, but to require certain foreign corporations, once for all time, to comply with such conditions as the legislature deemed necessary for the protection of our own citizens. Those requirements appear in section 16 and the certificate provided for in section 15 is conclusive evidence that they have been performed. Thus the corporation is required to file with the secretary of state a sworn copy of its charter and a statement setting forth the business which it proposes to carry on in this state; to designate a place of business within this state which is to be its principal place of business here and to appoint a person upon whom legal process may be served in this state. These are the conditions upon which it is permitted to enter the state for the purpose of carrying on business. Until it complies with them and procures a certificate from the secretary of state that it has complied with them it cannot carry on business here except in violation of law. The command is that it "shall do no business in this state without first" procuring the certificate of compliance. "Without," as thus used, is a word of exclusion, and excludes from the right to do business in this state every foreign corporation of the kind specified which has not obeyed the statute. "The legislature has said that the thing shall not be done and that is enough." (*Jackson* v. *Walker*, 5 Hill, 27, 32; *Foley* v. *Speir*, 100 N. Y. 552; *Johnston* v. *Dahlgren*, 166 N. Y. 354, 358.)

The intention of the legislature is made emphatic by its command addressed to corporations already engaged in business here when the original act took effect. "No such corporation now doing business in this state shall do business herein after December 31st, 1892, without having procured such certificate, but any lawful contract previously made by the corporation may be performed and enforced within the

state subsequent to such date." The saving clause inserted to protect contracts already made when the act was passed indicates that contracts made after that date are unlawful unless the statute is complied with.

The *Welsbach* case came before us upon a certificate of the Appellate Division, presenting the following questions for decision:

" 1. Was the complaint demurrable upon the ground that it appears upon the face thereof that the plaintiff did not have legal capacity to sue?

" 2. Was the complaint demurrable on the ground that facts are not therein stated sufficient to constitute a cause of action?"

We affirmed the order appealed from and answered both questions in the affirmative. The only defect claimed to exist in the complaint in that case was the omission to allege compliance with section 15 of the General Corporation Law. The same defect exists in the complaint now before us. There is no allegation, either general or specific, that the condition precedent in the statute has been performed. ·(Code Civ. Pro. § 533.) Such an allegation is essential in order to set forth a cause of action, and the objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by the failure to raise it by demurrer or answer. (Id. § 499.)

It is suggested that a recovery ought to be permitted, if possible, because the defendant had the goods, and it is equitable that she should be compelled to pay for them, but that which a statute prohibits is not equitable, and, as was said below, " the logic of that suggestion might do away with the statute in every instance."

We think that compliance with section 15 of the General Corporation Law should be alleged and proved by a foreign corporation such as the plaintiff, in order to establish a cause of action in the courts of this state. The cases holding otherwise should be regarded as overruled and the conflict of authority ended.

15

The judgment appealed from should be affirmed, with costs.

O'BRIEN, J. (dissenting). This action was brought by the plaintiff, a foreign corporation, to recover the price of goods sold and delivered to the defendant. On the trial the plaintiff gave proof of the sale and delivery of the goods and the amount due, and rested. The defendant moved for a nonsuit on the ground that the plaintiff was not entitled to recover since the complaint did not state upon its face that the plaintiff had procured from the secretary of state the certificate entitling it to do business in this state, as required by section 15 of the General Corporation Law. The motion was granted, as the learned court stated, on the ground that the complaint did not state a cause of action, since the material allegation that the certificate had been obtained was absent and that the prohibition against foreign corporations maintaining actions in the courts of this state contained in that section was operative upon the face of the complaint. The judgment was affirmed at the Appellate Division and the plaintiff has appealed to this court.

It is obvious that the decision of the learned county judge and the exception taken thereto at the trial present no question except one of pleading. The question then is, whether a complaint in an action by a foreign corporation, which does not state affirmatively that the plaintiff has procured the required certificate from the secretary of state, is subject to demurrer as not containing a cause of action. All that the plaintiff was obliged to state in the complaint, according to the provisions of the Code, was a plain and concise statement of the facts constituting his cause of action, and he did state the facts in regard to the sale and delivery of the goods and the non-payment. The facts in regard to the plaintiff's right to do business in this state were not of the substance of the cause of action.

During a period of at least eighty years the right of a foreign corporation to sue in the courts of this state has been

authorized and regulated by statute. (2 R. S. 457, §§ 1, 2.) These statutes have been incorporated into the present Code which regulates procedure in civil actions. (Code Civ. Pro. §§ 1779, 1780.) Whether foreign corporations could, prior to the enactment of these statutes, maintain actions in the courts of this state at common law, under the doctrine of comity, it is not necessary now to inquire. I will only remark in passing that for nearly a century there existed a mass of statutory law regulating procedure in actions by or against foreign corporations. (L. 1840, ch. 354; L. 1842, ch. 197.) It cannot be doubted that, under the general provisions of the Code, which were in force for such a long period in some form, that this action was well brought and that the complaint was entirely sufficient, but in recent years there have been restrictions imposed upon the right to bring actions in the courts of this state by foreign corporations, and section 15 of the General Corporation Law is the restriction which was invoked successfully to defeat the plaintiff in this case. It will be noticed that that section does not purport to be an amendment to the Code, but a subsequent and independent statute in respect to the right to bring the action. That section does not contain any general prohibition against the right of action, but is limited in its operation to one particular class of actions, namely, actions upon contracts made in this state. It is very clear that, notwithstanding that restriction, the plaintiff in this case can maintain all other actions. It can sue for injuries to property, real or personal. It can bring ejectment or trespass or suits for damages arising upon negligence. It can sue for libel or slander, and, in short, can maintain every action that a domestic corporation can maintain except the single cause of action on a contract made within this state. It can still sue upon contracts made in some other state.

So that we have to deal now with two statutes: One contained in the sections of the Code above referred to; the other and subsequent enactment is section 15 of the Corporation Law. The former statute, beyond all doubt, enabled the

plaintiff to bring and maintain this action upon the complaint
as it appears in the record.    The latter statute, containing the
restriction, has the effect of modifying the general provisions
of the Code; but the question is, upon which of the parties
was the burden of pleading this statute.    That is the only
question involved in this appeal, and it seems to me that it
has been settled by the adjudications in this court, which will
now be referred to.

It was held in the case of *Rowell* v. *Janvrin* (151 N. Y.
60) that where a general statute authorized the plaintiff to
bring an action, and a subsequent statute restricted that right
conditionally in a particular case, that the pleader, that is, the
plaintiff, might state his case upon the general statute and
leave it to his opponent to plead the subsequent statute which
restricted the right of action by way of defense.    That decision
was unanimous and this question of pleading was fully dis-
cussed.    That is this case.    We have an earlier statute, under
which the complaint in this action is undoubtedly good.    We
have a subsequent statute restricting, in particular cases, the
right of action; and hence, the restriction is no part of the
plaintiff's *prima facie* case, but is matter of defense.    This
case was followed in *Parmele Co.* v. *Haas* (171 N. Y. 579),
where the same question was involved in regard to another
statute containing a similar prohibition against the right of a
foreign corporation to maintain actions in the courts of this
state.    The same rule of pleading was followed and approved
in *Shepard* v. *Fulton* (171 N. Y. 193, 194) and in *People* v.
*Stedeker* (175 N. Y. 66, 67), where it was distinctly held that
where there is a restriction or exception against a right of
action in a subsequent statute it is a matter of defense to be
shown by the defendant.    These cases have been followed in
numerous decisions in the Supreme Court.    (*N. Y. Arch.
Terra Cotta Co.* v. *Williams*, 102 App. Div. 1; *Emmerich Co.*
v. *Sloane*, 108 App. Div. 330, and many other cases to be found
in the reports.)    In *Fuller & Co.* v. *Schrenk* (58 App. Div.
222) it was held that the prohibition against actions in the courts
of this state brought by foreign corporations was matter of

defense and no part of the plaintiff's case. That case was unanimously affirmed in this court without opinion (171 N. Y. 671), but it was held in *Welsbach Co.* v. *Norwich Gas & El. Co.* (96 App. Div. 52) that unless a foreign corporation stated affirmatively in its complaint that it had first obtained from the secretary of state the certificate under section 15 of the Corporation Law the complaint was bad on demurrer, and this case was affirmed in this court without opinion (180 N. Y. 533); but that case came here upon certified questions and the answer was, in effect, that it appeared on the face of the complaint that the plaintiff did not have legal capacity to sue, and that facts were not stated sufficient to constitute a cause of action, so that it will be seen that we are now confronted with two decisions made without opinion that are hopelessly conflicting with each other. It is utterly impossible to reconcile them. Either one or the other is wrong, and we must follow one or the other, but cannot follow both. It is obvious, from what has already been said, that the earlier decision was the correct one, and no doubt, if an opinion had been written, the later decision would not have been made.

The question now is, which of these conflicting decisions on the same question we should follow. I do not think that there is any principle of law or rule of practice that requires us to follow an erroneous decision simply because it is the last one. I am in favor of following the decision that appears to be correct. There are many reasons for following an older decision, even though erroneous, which do not apply to another and later decision. Under the old decision rights and interests may have grown up that it would be unwise and unjust to disturb, even though the later decision would seem to be the more correct; but certainly these reasons can have no application to a later decision, which appears to be wrong, made by inadvertence or mistake. In this case it is apparent that the current of authority on the question of pleading was fully announced in the earlier decision, while the later one was a departure from all decisions preceding it so far as the

question that we are now concerned with was involved.
When we have to deal with two conflicting decisions in this
court, one of which is right and the other wrong, I am in
favor of correcting the last error, instead of ignoring a prior
decision which is obviously correct. Moreover, it is important
to observe that the *Welsbach* case does not control the case at
bar, since the two cases are materially different in the facts and
in the questions of law raised. The *Welsbach* case decided by
an answer to a certified question that the plaintiff had not legal
capacity to sue and that the incapacity appeared upon the face
of the complaint. Now such a question can be raised only by
demurrer to the complaint (Code Civ. Pro. §§ 488, 498); and
it was so raised in that case. In the present case there was no
demurrer at all, but the defendant answered without referring
in any manner to the subsequent restrictive statute forbid-
ding actions in certain cases by foreign corporations in the
courts of this state; so that it is perfectly clear that the legal
capacity of the plaintiff to sue is not in this case at all, but was
in the other case. As it was held in that case that the inca-
pacity to sue appeared upon the face of the complaint, that
necessarily decided the case and it was not necessary to decide
anything else. The answer to the question whether the com-
plaint contained a cause of action was mere surplusage and
not binding in the present case. When the plaintiff in
that case was put out of court on the ground that it was inca-
pable of bringing an action, it was not then of the slightest
consequence whether the complaint was good or bad. It
could not even be amended on the application of a party who
had no capacity to sue at all. As there was a demurrer in
that case and no demurrer in this it is obvious that there is a
very substantial distinction between the two cases. In the
*Welsbach* case the question of incapacity to sue was raised; in
this case it is not; and so the decision in the *Welsbach* case
cannot control the decision in this case. It is unsafe and unsat-
isfactory in many cases to apply the restriction in the General
Corporation Law to statements or want of statements upon
the face of the complaint. This is illustrated by a recent

decision in this court. (*Penn Collieries Co.* v. *McKeever*, 183 N. Y. 98.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and CHASE, JJ., concur with VANN, J.; O'BRIEN, J., reads dissenting opinion.

Judgment affirmed.