### KNICKERBOCKER GUIDE CO. v. FAIRFAX.

(Supreme Court, Appellate Term. June 30, 1908.)

CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS — CONDITIONS PRECEDENT — COMPLIANCE WITH STATUTE.

To establish a cause of action in the courts of the state, a foreign corporation must allege and prove its compliance with the general corporation law (Laws 1892, p. 1805, c. 687, § 15, as amended by Laws 1901, p. 1326, c. 538, § 1), providing that no foreign stock corporation, other than a moneyed corporation, shall do business in the state without procuring a certificate from the Secretary of State that it has complied with the law, and no such corporation doing business in the state shall sue upon any contract made by it in the state, unless prior to its making the certificate shall have been secured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2646, 2647.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Knickerbocker Guide Company against Harry W. Fairfax. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Michael H. Harris, for appellant.

Pannes & Blau, for respondent.

SEABURY, J. This action is brought to recover for services rendered. The pleadings were written. The plaintiff is a foreign corporation, organized under the laws of the state of New Jersey and doing business in this state. The plaintiff failed to allege or prove that the plaintiff complied with section 15 of the general corporation law (Laws 1892, p. 1805, c. 687, § 15, as amended by Laws 1901, p. 1326, c. 538, § 1). The defendant moved to dismiss the complaint upon the ground that the plaintiff failed to prove a cause of action. The trial court denied the motion and rendered judgment in favor of the plaintiff.

The error involved in this ruling requires the reversal of this judgment. Whatever doubt may have formerly existed upon this question has been removed by the case of Wood & Selick v. Ball, 190 N. Y. 217, 225, 83 N. E. 21. In that case the court said:

"We think that compliance with section 15 of the general corporation law should be alleged and proved by a foreign corporation, such as the plaintiff, in order to establish a cause of action in the courts of this state. The cases holding otherwise should be regarded as overruled, and the conflict of authority ended."

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.