(65 Misc. Rep. 57.)

### WARNER INSTRUMENT CO. v. SWEET.

(Supreme Court, Appellate Term.   November 12, 1909.)

1. SALES (§ 355*)—ACTION—VARIANCE.
   Where plaintiff, a foreign corporation, sued on an implied promise for goods alleged to have been delivered in B. Wis., and the proof showed that the goods were sold and delivered in New York, the variance was fatal.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1043; Dec. Dig. § 355.*]

2. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—ACTIONS—COMPLIANCE TO STATE LAW.
   Where a foreign corporation, doing business in New York, sued on a contract made there, proof that it had complied with General Corporation Laws (Laws 1892, p. 1805, c. 687) § 15, as amended by Laws 1904, p. 1250, c. 490, § 1, regulating the right of such corporations to do business in New York, was a part of its cause of action.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2647; Dec. Dig. § 672.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 673*) — FOREIGN CORPORATIONS — ACTIONS — EVIDENCE — PRIMA FACIE CASE.

    Where a foreign corporation proves a sale and delivery of goods in New York, and the maintenance of personal representatives there, with an office for the transaction of business, it thereby makes a prima facie case that it is doing business in the state, and is required to comply with General Corporation Law (Laws 1892, p. 1805, c. 687) § 15, as amended by Laws 1904, p. 1250, c. 490, § 1, regulating such business.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2558; Dec. Dig. § 673.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Warner Instrument Company against Philip K. Sweet. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Thompson & Ballantine, for appellant.

Adolph M. Schwarz, for respondent.

LEHMAN, J. The plaintiff, a foreign corporation, claims upon an implied promise for goods alleged to have been delivered in Beloit, Wis. At the trial the proof showed that the goods were sold and delivered in New York, and not in Beloit, and the defendant moved for a dismissal of the complaint.

The motion should have been granted. The place where the alleged contract was made is not an immaterial allegation. Where a foreign corporation is doing business in the state of New York, and sues upon a contract made in the state of New York, compliance with section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), as amended by Laws 1904, p. 1250, c. 490, § 1, is part of the cause of action. Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21. The defendant had a right to raise the issue whether the corporation was doing business in the state, and whether the general corporation law was complied with, and he was deprived of this right by the form in which this action was brought.

Moreover, even if the point of variance between the allegations and the proof should be disregarded, the plaintiff must still be held to proof of some cause of action. It has shown that it is a foreign corporation, that it sold and delivered goods in New York, and that it maintained personal representatives in New York, apparently with an office for the transaction of business. It has itself, it seems to me, made a prima facie case that it does business within this state, and therefore its proof failed to show a cause of action, without further proof of compliance with our statute.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes