### WESTERLY SHIRT CO. v. KAUFMAN.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—RIGHT TO SUE.

    Plaintiff, a foreign corporation, received the order for the goods, the price of which is sued for from its salesman, whose duty it was to attend to the shipment of goods, and the goods were delivered in New York City, where plaintiff has an office, employs salesmen, and does business,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and it was not shown that the business done in New York City was subject to the approval of plaintiff's home office in Massachusetts. *Held,* that the action should have been dismissed on the ground that plaintiff was doing business within the city without having paid the statutory license fee; plaintiff not having shown payment of the license fee.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Westerly Shirt Company against Bertha Kaufman. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Emil A. Klein, of New York City, for appellant.
Harry A. Schutte, of New York City, for respondent.

GUY, J. This action is brought to recover for goods sold and delivered; the complaint alleging that plaintiff is a Massachusetts corporation. The answer is a general denial.

Plaintiff proved by one of its clerks that the order was received from a salesman of plaintiff, whose duty it was to attend to the shipment of goods, and that the contract was performed in this city, by delivery of the goods here. It was also proved that plaintiff has an office here, employs salesmen, receives orders here, and does business within the state. There was no proof that business done here was subject to approval at the home office in Massachusetts.

Defendant moved to dismiss the complaint on the ground that the plaintiff, a foreign corporation, having proved that it was doing business within the state by making a contract to be executed here, and having failed to produce a certificate showing payment of the license fee imposed by this state, could not maintain this action. The motion should have been granted. See Wood & Selick v. Ball, 190 N. Y. 217; Schwartzwaelder Co. v. Silverman, 134 N. Y. Supp. 1114.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.