(93 Misc. Rep. 535)

DAN TALMAGE'S SONS CO. v. AMERICAN DOCK CO.

(Supreme Court, Appellate Term, First Department.  February 23, 1916.)

1. CORPORATIONS  ☜672—FOREIGN  CORPORATIONS—PLEADING—COMPLIANCE WITH LAW.

　　Where plaintiff foreign corporation's complaint in a suit on a contract made in New York alleged compliance in all respects with the laws of the state as to the right to do business therein, and that it had received a certificate from the secretary of state entitling it to do business in the state, but did not allege that such certificate had been procured before the making of the contract sued upon, the complaint was fatally defective, since General Corporation Law (Consol. Laws, c. 23) § 15, makes the securing of such certificate before making a contract in the state a condition precedent to the right of a foreign corporation to maintain suit thereon.

　　[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645-2649; Dec. Dig. ☜672.]

2. CORPORATIONS ⊜672—FOREIGN CORPORATIONS—COMPLIANCE WITH LAW— SUFFICIENCY OF COMPLAINT—FAILURE TO QUESTION—WAIVER.

The failure of defendant in such action to raise the question of the sufficiency of the complaint by answer or demurrer did not waive such objection, since such allegation was essential to the statement of the cause of action, within the rule that the objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by the failure to raise such objection by answer or demurrer.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. ⊜672.]

Appeal from City Court of New York, Trial Term.

Action by the Dan Talmage's Sons Company against the American Dock Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Dutton & Kilsheimer, of New York City (Jas. B. Kilsheimer and James B. Kilsheimer, Jr., both of New York City, of counsel), for appellant.

Melvin G. Palliser, of New York City (Douglas B. Green and F. H. Van Vechten, both of New York City, of counsel), for respondent.

DELEHANTY, J. [1] If for no other reason than plaintiff's failure to plead compliance with section 15 of the General Corporation Law, this judgment must be reversed. The material allegation of the complaint in this respect is as follows:

"First. That at all the times hereinafter mentioned plaintiff was and now is a corporation organized under the laws of the state of New Jersey, and has received from the secretary of state a certificate entitling it to do business in the state of New York, and is duly licensed to do business in the state of New York, and has complied in all respects with the requirements of the laws of the state of New York to enable it to do business in the state of New York."

The answer contains a partial denial and a defense, but there is no allegation, nor is there any evidence, that plaintiff either had or had not complied with section 15 of the General Corporation Law, which provides that:

"No foreign stock corporation other than a moneyed corporation shall do business in this state without first having procured * * * a certificate that it has complied with all the requirements of law to authorize it to do business in this state. * * * No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless *prior to the making of such contract it shall have procured such certificate.*" (Italics are mine.)

The defect in the complaint is that there is no allegation, either general or specific, that the condition precedent in the statute has been performed. In other words there is a total failure to allege, as required, that prior to the making of the alleged contract plaintiff had procured the requisite certificates.

[2] The sufficiency of such a complaint is no longer a mooted question, since Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, which

construed this section, and holds that an allegation of performance of the condition precedent is essential, in order to set forth a cause of action, and further that an objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failure to raise it by answer or demurrer. For this reason the complaint should have been dismissed upon defendant's motion therefor.

Numerous other grounds are assigned for a reversal of the judgment, but in view of the decision reached, as indicated, it is unnecessary to give consideration thereto.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.