Dan Talmage's Sons Company, Respondent, *v.* American Dock Company, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1916.)

Pleading— allegation of complaint — contracts — when motion to dismiss complaint granted.

> Where the complaint of a foreign stock corporation in an action on contract fails to allege as required by section 15 of the General Corporation Law that prior to the making of the alleged contract plaintiff procured a certificate of its compliance with all requirements of law to authorize it to do business in this state, a motion for the dismissal of the complaint should be granted.

Appeal from a judgment of the City Court of the city of New York, by the defendant, entered upon the verdict of a jury.

Dutton & Kilsheimer (Jas. B. Kilsheimer and James B. Kilsheimer, Jr., of counsel), for appellant.

Melvin G. Palliser (Douglas B. Green and F. H. Van Vechten, of counsel), for respondent.

Delehanty, J.   If for no other reason than plaintiff's failure to plead compliance with section 15 of the General Corporation Law, this judgment must be reversed.   The material allegation of the complaint in this respect is as follows:   " *First,* That at all the times hereinafter mentioned plaintiff was and now is a corporation organized under the Laws of the State of New Jersey, and has received from the Secretary of State a certificate entitling it to do business in the State of New York and is duly licensed to do business

in the State of New York, and has complied in all respects with the requirements of the Laws of the State of New York to enable it to do business in the State of New York.''

The answer contains a partial denial and a defense, but there is no allegation nor is there any evidence that plaintiff either had or had not complied with section 15 of the General Corporation Law which provides that: '' No foreign stock corporation other than a moneyed corporation, shall do business in this state without first having procured * * * a certificate that it has complied with all the requirements of law to authorize it to do business in this state * * *. No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless *prior to the making of such contract it shall have procured such certificate.*'' Italics are mine.

The defect in the complaint is that there is no allegation, either general or specific, that the condition precedent in the statute has been performed. In other words, there is a total failure to allege, as required, that prior to the making of the alleged contract plaintiff had procured the requisite certificates. The sufficiency of such a complaint is no longer a mooted question since *Wood & Selick* v. *Ball,* 190 N. Y. 217, which construes this section and holds that an allegation of performance of the condition precedent is essential in order to set forth a cause of action, and further that an objection that the complaint does not state facts sufficient to constitute a cause of action is not waived by failure to raise it by answer or demurrer. For this reason the complaint should have been dismissed upon defendant's motion therefor.

Numerous other grounds are assigned for a reversal of the judgment, but in view of the decision reached as

indicated it is unnecessary to give consideration thereto.

LEHMAN and WEEKS, JJ., concur.

Judgment reversed, new trial ordered, with costs to appellant to abide event.