MARIE A. WITTHAUS, Appellant, *against* DAVID H. STARIN, Impleaded with Hall T. Starin, Respondent.

(Decided June 25th, 1883.)

A lease for a term to commence at a future date, the rent to be payable monthly in advance during the term, was signed by both parties in duplicate and left with the agent of the lessor, to be delivered by him to the lessee when the first month's rent should be paid. Afterward and before the date when the term was to commence, the lessee asked for the lease for the purpose of showing it to his attorney, but was told by the agent that he could not have it until he paid the rent for the first month, which he refused to do. *Held*, that there had been no delivery of the lease, as there had been no acceptance by the lessee, and he was not bound by it.

APPEAL from a judgment of this court entered upon a dismissal of the complaint at the trial.

The facts are stated in the opinion.

*George Zabriskie*, for appellant.

*Edward D. McCarthy*, for respondent.

CHARLES P. DALY, Chief Justice.—By the terms of the lease the tenancy was not to begin until the 1st of June;

the rent to be paid monthly, in advance, during the term, which was for a year and eleven months. The parties met on the 12th of May at the office of the agent who had been entrusted by the plaintiff with the letting of the premises. The leases, which were prepared in duplicate, were read by both parties. The plaintiff testified that, being satisfactory to all parties, they were signed; but the defendant, David H. Starin, testified that the defendants did not wish to sign or close the bargain until the lease was submitted to their attorney for examination; but as the plaintiff desired to go out of town, and could not be there the next day, they signed to accommodate her, leaving the lease with her agent, intending to take it to their attorney in the morning. She and her agent testified that Starin stated that it was then after bank hours, and that he would bring a check for the first month's rent in the morning, which Starin denied. But assuming this to be true, it does not materially affect the question.

The plaintiff testified that she sent the keys to the agent, and ordered the possession to be given to the defendants; and that she did not give instructions to her agent not to deliver the lease until the defendants paid the rent in advance. Her agent, however, testified that at the time of signing the leases there was a mutual understanding that the lease was not to be delivered until the money was paid; that is, the monthly rent for June; and as she does not contradict this testimony of her agent she may not, in words, have given such instruction, and yet the mutual understanding may have been as the agent testified. Immediately after the signing of the leases the plaintiff left.

On the following morning, one of the defendants, David H. Starin, called and asked the agent's partner, Bruner, for the lease, saying that he wished to take it down town, to submit it to his attorney; but Bruner refused to give it to him until he paid the rent for June, and Starin answered that unless he could have the lease and submit it to his lawyer he did not think he would take the place; and Bruner replied that his partner, Baer, would be in about

*Concord Granite Co. v. French.*

four or five o'clock in the afternoon; to which the other
answered, that he would come back at five o'clock. He did
so, and Bruner said, "You cannot have your lease until you
pay your money." Upon which Starin answered, "Then I
will have nothing to do with your people. You can keep
your lease and your property."

Upon this state of facts, I think the judge upon the trial
was right in holding that there was no delivery and accept-
ance of the lease by the defendants, and that they were not
bound by it, for a lease takes effect from the delivery
(1 Platt on Leases 150 ; Taylor's Landlord and Tenant
177), and there can be no delivery without an acceptance,
express or implied (*Jackson* v. *Phipps*, 12 Johns. 418).

The judgment should be affirmed.

BEACH, J. concurred.

Judgment affirmed.