(18 Misc. Rep. 486.)

DAVID STEVENSON BREWING CO. v. CULBERTSON.

(Supreme Court, Appellate Term, First Department.   November 25, 1896.)

1. LANDLORD AND TENANT—WHAT CONSTITUTES RELATION.
    Defendant agreed to purchase a store from plaintiff, on installments.   A lease of it, which defendant held from another person, was assigned to plaintiff.   A new lease was executed between plaintiff and defendant, and plaintiff executed a bill of sale to defendant.   All this represented one transaction, and defendant paid rent thereafter.   *Held*, that the parties were landlord and tenant.
2. SAME—DELIVERY OF LEASE.
    A landlord suing a lessee in possession, for rent, need not prove delivery of the lease, when its execution is conceded.

Appeal from Eighth district court.

Summary proceedings by the David Stevenson Brewing Company against Margaret Culbertson.   There was a final order in favor of petitioner, and defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Benjamin Patterson, for appellant.

L. J. Somerville (W. G. McCrea, of counsel), for respondent.

McADAM, J.   This is an appeal from a final order made in a summary proceeding, on the petition of the David Stevenson Brewing Company, to dispossess the tenant for nonpayment of rent.   The facts, as we gather them from the return, are substantially these: About December 15, 1895, the tenant went to the office of the brewing company, a corporation, which was the owner of the store and fixtures No. 384 Tenth avenue, this city, and made a contract for the purchase thereof for $3,000; $300 to be paid in cash, $200 in indorsed notes, and $2,500 in installments, secured by chattel mortgage.   In some manner which does not clearly appear, the tenant held a lease from one Higgins, expiring May 1, 1896.   By the arrangement made, this lease was assigned to the company, and it thereupon executed to the tenant a lease, wherein it, as lessor, demised unto the tenant the store in question for the term of 3 years and 4½ months, from December 15, 1895, at the annual rent of $1,400, payable in equal

monthly payments, in advance. The Higgins lease is not annexed to the return; but the assignment thereof recites that the lease bears date December 15, 1895, the day on which the transaction was closed; so that the various documents represent the consummation of one transaction. The lease by the company to the tenant was executed on behalf of the former by its president, and by the tenant personally under seal, and was duly acknowledged. The company thereupon made a bill of sale of the store to the tenant, in conformity with the arrangement; the intention evidently being that, notwithstanding whatever relations existed before, the tenant should, after December 15, 1895, become the tenant of the company at the rental stated. Pursuant to this agreement, the tenant's brother, on her behalf, paid the January rent to the collector of the company, and took a receipt therefor in her name. The rent for February, March, and April was not paid after demand therefor, whereupon the proceeding was commenced that culminated in the order appealed from.

These facts clearly establish the conventional relation of landlord and tenant between the parties, and authorized the landlord to invoke the aid of the statute. Upon the trial, the tenant claimed that no such relation existed; that she was still the tenant of Higgins, and the proceeding ought to have been instituted by him. She conceded that the rent claimed had not been paid to any one, and did not dispute the demand on her therefor by the petitioner, as landlord. How the tenant's contention could prevail in the face of the lease executed by her, and the fact that she had paid rent to no one, it is difficult to understand. Her counsel claimed that the lease from the petitioner had never been delivered, and it had therefore no efficacy. But there was no satisfactory evidence on that subject produced by the tenant. She did not take the witness stand, and, having actual possession of the property under the arrangement stated, it is fair to assume that the lease was delivered at the time of its execution. Oneto v. Restano (Cal.) 26 Pac. 788. As it was signed by both parties, it was immaterial whether she had a counterpart or not, so long as she was content to be without one. If the landlord had sued for rent upon a lease under which the tenant had declined to enter into possession, delivery might have been material, as bearing on the question whether the lease became operative or not, and the landlord might have been obliged to prove it. Witthaus v. Starin, 12 Daly, 226. But that is not this case. This was a proceeding to require the tenant either to pay the rent or surrender the possession she was enjoying under the lease in question.

There being no substantial defense, the justice properly awarded possession of the premises to the landlord, and the final order must be affirmed, with costs. All concur.