If the work had been completed and turned over, the gas company was the party to look to, provided it was at the time the owner, or in possession and control. In this particular the contract avails nothing, because it proves nothing as to possession or control by either of the defendants at the time of the accident.

Assuming, however, that the plaintiff did establish that the company or the contractors were, either or both, in possession and control at the time of the accident, the plaintiff still failed to establish negligence on their part. He "failed to recognize a distinction, which has been carefully guarded by the courts of this state, as well as by nearly all other jurisdictions in this country, between actions founded in negligence, where a contract relation existed between the parties, and those in which the defendant owed no other duty than to use such ordinary care and caution as the nature of his business demanded, to avoid injury to others." Cosulich v. Oil Co., 122 N. Y. 118, 126, 25 N. E. 259. He failed to give evidence of other facts from which an inference of the fact of negligence could be drawn; proof of the collapse of the tank, alone, being insufficient to raise the presumption of the fact of negligence under the doctrine of res ipsa loquitur. The distinction referred to in the Cosulich Case applies to the present case, but, there being merely want of merit in the proof, the judgment should be modified by striking therefrom "on the merits," and as thus modified affirmed; leaving the plaintiff to take such further action, if any, as may be advised. Code Civ. Proc. § 1209.

Judgment modified accordingly, and as modified affirmed, with costs. All concur.

---

(29 Misc. Rep. 655.)

### FLOMMERFELT v. ENGLANDER.

(Supreme Court, Appellate Term. Novmber 29, 1899.)

1. LEASES—CONDITIONS—PAROL EVIDENCE.

In an action for rent on a written lease parol evidence is admissible to show that duplicate leases were executed by plaintiff and defendant conditionally, and that the delivery of a duplicate to defendant was to be postponed until certain repairs had been made, where plaintiff withheld delivery because of defendant's failure to make certain payments.

2. SAME—ACCEPTANCE.

Where a prospective tenant executes duplicate leases on an oral condition that the premises are to be repaired, the fact that he pays a certain sum down is not an acceptance of the lease. where the prospective landlord retains both copies of the lease in his possession.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by James A. Flommerfelt against Herman Englander. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William D. Tyndall, for appellant.

Louis Levy, for respondent.

LEVENTRITT, J. The plaintiff sues on a written lease to recover the first month's installment of rent. On March 29, 1899, the

parties to this action signed and sealed, in duplicate, an indenture providing for the letting and hiring of certain designated premises for one year from the 1st day of May following. Rent was to be paid monthly in advance. The defendant, on the execution of the lease, paid a deposit of $20, which was to be applied on the first month's rent. The plaintiff retained the duplicate leases. Neither was ever delivered to the defendant, and he never entered into possession of the premises. On the trial the defendant was permitted to prove an oral agreement that the leases were signed conditionally, and that their delivery was to be postponed until certain repairs had been made. The admission of this testimony was not error. The lease did not become a perfect lease until the contemplated repairs had been made. Parol evidence is admissible to prove "the existence of any separate oral agreement constituting a condition precedent to the attaching of any obligation under any contract, grant, or disposition of property." Steph. Dig. Ev. art. 90; Browne, Par. Ev. p. 279; Dietz v. Farish, 79 N. Y. 520, 524. Had there been a positive acceptance of the lease, parol evidence would have been incompetent to vary the terms of the completed contract. Gates v. Green, 4 Paige, 355. The plaintiff concedes by his testimony that there was no delivery of the lease, as he instructed his bookkeeper to withhold delivery until the defendant made further payment. This further payment was admittedly not made. In Witthaus v. Starin, 12 Daly, 226, a lease for a term to commence at a future date was signed by both parties in duplicate, and left with the agent of the lessor, with directions that it should not be delivered to the lessee until the first month's rent had been paid. Before the commencement of the term the lessee requested permission to see the lease for the purpose of showing it to his attorney, but was refused, because of failure to pay the rent. It was held that the lessee was not bound, as there had been neither delivery nor acceptance. The mere payment of the deposit cannot be construed into an acceptance. It was simply an earnest on the part of the lessee to perform the conditions on him devolving provided the landlord fulfilled the terms of the agreement on his part reserved. The judgment is consonant with law and justice, and should be affirmed.

Judgment affirmed, with costs to respondent. All concur.