## UNION TRUST CO. OF ROCHESTER v. SICKELS.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. CORPORATIONS—FOREIGN CORPORATIONS—ACTION ON CONTRACT—COMPLAINT—SUFFICIENCY.

If the complaint in an action by a corporation or its assignee shows that the cause of action alleged is upon a contract made in the state by a foreign corporation doing business in the state, it is demurrable if it fails to allege in addition that the corporation had before making the contract procured a certificate of authority expressly required by General Corporation Law, Laws 1892, p. 1805, c. 687, § 15.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2646.]

2. SAME.

Since the express prohibition by General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, of the enforcement of contracts made by a foreign corporation extends only to actions on contracts made within the state by a foreign corporation doing business within the state without a certificate of authority, unless the complaint in an action by such a corporation or its assignee on a contract shows such facts as to the corporation's character and its doing business and making the contract within the state, it is not demurrable for failing to allege that the required certificate was procured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2646.]

3. SAME—DOING BUSINESS—FACTS NOT CONSTITUTING.

The making of a collateral trust mortgage to secure a bond issue and an underwriting agreement to sell part of the bonds, the procuring of defendant's signature to such agreement, the receipt of moneys from defendant on his contract, the delivery to him of the bonds he paid for, and the assignment of the underwriting contract to another to secure a note, does not constitute doing business within General Corporation Law, Laws 1892, p. 1805, c. 687, § 15.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2520-2527.]

4. PLEADING—ACTION BY ASSIGNEE OF FOREIGN CORPORATION—DEMURRER TO COMPLAINT—GROUNDS.

An objection that the complaint in an action by a foreign corporation's assignee does not show that the corporation has paid the license fee required of such corporations cannot be taken by demurrer.

**5. CORPORATIONS—UNDERWRITING AGREEMENT—ACTION ON.**

In an action on an underwriting agreement against one of the subscribers it was not necessary for plaintiff to show that the corporation was ready to deliver a percentage of a stock bonus where, though the manager was authorized to sell to the subscribers to the agreement stock apparently as a bonus for the subscription, not exceeding a certain percentage of the amount of subscription, for bonds to be delivered therewith, it does not appear that under the contract sued on any sale of stock to defendant in addition to the bonds he subscribed for was in fact made.

Appeal from Special Term, Monroe County.

Action by the Union Trust Company of Rochester against Harry P. Sickels. From an interlocutory judgment sustaining defendant's demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendant to plead over.

The complaint in substance sets forth that an underwriting agreement was on or about November 23, 1905, made by and between the United States Independent Telephone Company, a foreign corporation, organized and existing under the laws of the state of New Jersey, as party of the first part thereto, one Lackey, who is therein designated the "manager," and one other, parties of the second part, and the subscribers thereto, severally, parties of the third part; that defendant was one of the subscribers, or underwriters, who signed the agreement; that the underwriting agreement was intended to provide for the sale by the manager, as agent of the telephone company, to the persons who should subscribe this agreement for the amounts severally agreed therein, bonds of the company, amounting to $2,500,000; that these bonds were secured by a collateral trust mortgage given by the telephone company to the Security Trust Company of Rochester, N. Y., the total issue of bonds thereby secured not to exceed in the aggregate $25,000,000; that defendant signed this agreement, thereby agreeing to take up and pay for at the times and in the manner stated in the contract bonds of the par value of $15,000; that the contract further provided that each underwriter should add an address after his signature to which all notices provided for by the contract might be mailed, and defendant indicated his address as Rochester; that defendant paid for and took up part of the bonds, for which he had subscribed, but failed to take up and pay for the balance, though duly notified to do so; that the telephone company has been at all times and is still in readiness to deliver to defendant the bonds so subscribed for and not yet taken up by defendant, upon his paying to plaintiff the amount he agreed to pay therefor; that the telephone company for a sufficient consideration sold and assigned to plaintiff, on or about October 16, 1906, the underwriting agreement and all moneys due or growing due thereon.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James S. Havens, for appellant.
James M. E. O'Grady, for respondent.

ROBSON, J. Defendant demurs to plaintiff's complaint upon the single ground that it does not state facts sufficient to constitute a cause of action. Respondent, on the argument of this appeal, assigns three grounds, upon each of which he claims that the complaint is insufficient: First, that it is defective in not alleging that plaintiff's assignor, the United States Independent Telephone Company, a foreign stock corporation, had procured from the Secretary of State the certificate required by section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), that it had complied with the requirements of the law to authorize it to do business in this

state; second, that this action cannot be maintained because it does not appear from plaintiff's complaint that the United States Independent Telephone Company has paid the license fee required to be paid by it as a foreign corporation doing business in this state under the general corporation law, and therefore no action can be maintained in the courts of this state by it or its assignee; third, that the complaint does not contain an allegation that the United States Independent Telephone Company is in readiness to deliver to defendant the 40 per cent. of stock bonus of that company, which, according to the contract upon which this action is brought, might be sold to be thereafter delivered with the bonds subscribed for by defendant. The demurrer was allowed by the Special Term upon the first ground above stated, as appears by the opinion delivered on decision of the case, and the other two grounds, now urged by respondent, were not considered, or at least were not adverted to.

It is now definitely settled that, if the complaint in an action, brought either by the corporation or its assignee, shows that the cause of action alleged is upon a contract made in this state by a foreign stock corporation which is doing business in this state, the complaint is demurrable if it fails to allege in addition that the corporation had before making the contract procured the certificate required by section 15 of the general corporation law. Welsbach Co. v. Norwich Gas & Electric Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152; Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21. The prohibition by the statute of the enforcement of contracts made by a foreign corporation extends only to actions upon contracts made within this state by a foreign stock corporation (other than a moneyed corporation) doing business within this state. South Bay Co. v. Howey, 190 N. Y. 240–247, 83 N. E. 26. It follows that, unless the complaint shows these facts as to the character of the corporation and its doing business and making the contract within this state, the complaint is not demurrable because it fails to allege that the required certificate was procured.

The complaint in this action alleges specifically that plaintiff's assignor, the United States Independent Telephone Company, is a foreign corporation. That it is also a stock corporation appears as a fair inference from the fact that it had authorized its agent to sell with the bonds described in the underwriting contract a certain percentage of stock of the company. That the contract which is the basis of this action was made within this state, it is urged, also appears from the facts alleged in the complaint as to the execution of the contract by defendant and the address of defendant, which he added to his signature, as required by the contract. Whether or not it can be fairly inferred from the facts pleaded as to the execution of the contract that it was made in this state, it is not now necessary to determine; for I do not think it appears, either by the facts set out in the complaint or by any fair or reasonable inference to be drawn therefrom, that the United States Independent Telephone Company was doing business in this state. The only business which the complaint shows it had done anywhere or at

any time was the making of the collateral trust mortgage to the Security Trust Company of Rochester to secure the total issue of $25,000,000 bonds, the making of this underwriting agreement constituting the manager as its agent to sell $2,500,000 of these bonds, others of which had apparently already been disposed of, the procuring by the agent of defendant's signature to this underwriting agreement, the receipt of moneys from defendant on his contract, delivery to him of the bonds he thus paid for, and the assignment of the underwriting contract to plaintiff to secure the payment of a note given the latter for a loan of $43,000. All of these facts relate only to and are a part of an apparently legitimate effort on the part of the telephone company to dispose of its bonds; that is, in other words, to borrow money.

What the expression "doing business," or to "do business," within this state, as used in the statute, really means, has received judicial attention in many cases; but, except in the present case, it does not seem to have been yet held that a foreign corporation was doing business in this state, within the meaning of the statute, when it had done no business therein beyond presenting for sale and selling to individual purchasers, or floating on the market, either its stock or its bonds. Payson v. Withers, 19 Fed. Cas. 29, 30 (No. 10,-864). The plain reading of the statute shows that it was intended to prevent a foreign stock corporation from doing in this state the business for the doing of which it was organized until it had procured the required certificate, and that it does not contemplate a prohibition either of the sale of its stock or borrowing money on its obligations. It obviously relates only to the regular and customary business operations of the corporation. Potter v. Bank of Ithaca, 5 Hill, 490; People v. Horn Silver Mining Co., 105 N. Y. 76, 11 N. E. 155; Beard v. Union & American Pub. Co., 71 Ala. 60–62. What business the United States Independent Telephone Company was organized to conduct does not appear in the complaint, except as its name may give some indication of its character. But in what place, or within what territory, that business was to be conducted, or was actually carried on, does not appear, either by direct allegation or warrantable inference, from any fact disclosed by the complaint. It follows that the complaint does not show that this company was doing business in this state, and therefore, on the facts now appearing, neither it nor its assignee was precluded by the statute referred to from maintaining an action on the contract set forth in the complaint.

That the second ground of objection to plaintiff's complaint cannot, in any event, be taken by demurrer has apparently been distinctly held by the Court of Appeals in two recent cases. Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21; Halsey v. Jewett Dramatic Company, 190 N. Y. 231, 83 N. E. 25.

The third ground, which is hereinbefore set out, is also insufficient to sustain the demurrer. While the manager, as agent of the telephone company, was by the terms of the underwriting agreement authorized to sell to the subscribers stock of the corporation, apparently as a bonus for the subscription, "not to exceed" a certain

percentage of the amount of subscription for bonds to be delivered therewith, it does not appear that under the contract as pleaded any sale of stock to defendant in addition to the bonds he subscribed for was in fact made. Defendant agreed to pay for the bonds as calls were made on him for payment, according to the provisions of the underwriting agreement. Such calls were made, and he failed and neglected to respond. The telephone company was at all times, and is now, as the complaint alleges, able and ready to deliver the bonds in fulfillment of the contract when defendant should comply with his part of the agreement. We think the complaint states a complete cause of action against the defendant.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant to plead over on payment of costs hereby allowed. All concur.

---

### UNION TRUST CO. v. FINUCANE.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

Appeal from Special Term, Monroe County.

Action by the Union Trust Company against Thomas R. Finucane. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendant to plead over.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

PER CURIAM. Interlocutory judgment reversed, with costs and demurrer overruled, with costs, with leave to defendant to plead over upon payment of the costs of the demurrer and of this appeal, upon the opinion of ROBSON, J., in the case of Union Trust Co. v. Sickels (decided at this term of court) 109 N. Y. Supp. 262.