### AMERICAN MFG. CO. v. WEINTRAUB et al.

#### (Supreme Court, Appellate Term. March 5, 1909.)

1. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—COMPLIANCE WITH LAW—PLEADING.

 To establish a cause of action on a contract made in the state, a foreign stock corporation doing business within the state must allege and prove compliance with General Corporation Law (Laws 1890, p. 1063, c. 563) § 15, requiring such corporations to procure a certificate to do business; but, as the prohibition by the statute of the enforcement of contracts made by a foreign corporation extends only to actions on contracts made in the state by a foreign stock corporation other than a moneyed corporation doing business in the state, unless the complaint shows such facts as to the character of the corporation and that it does business in the state and that the contract was made therein, the complaint is not demurrable because it fails to allege that the required certificate was procured.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2647; Dec. Dig. § 672.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—COMPLAINT—SUFFICIENCY—JURISDICTION OF PARTIES.

 A complaint in the New York Municipal Court, alleging that plaintiff was a foreign corporation, and failing to show that any of the parties

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reside in the city, is not demurrable, as showing want of jurisdiction, since Municipal Court Act (Laws 1902, p. 1497, c. 580) § 25, subd. 3, provides that where all of the parties reside out of the city the action may be brought in any district, and it is as inferable from the complaint that all the parties are nonresidents as it is to the contrary.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the American Manufacturing Company against Joseph Weintraub and another. From a judgment for plaintiff, defendants appeal. Interlocutory judgment overruling demurrer affirmed, and appeal from final judgment dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Charles W. Groll, for appellants.
Louis H. Porter, for respondent.

PER CURIAM. The complaint alleges that plaintiff is a foreign corporation, without alleging compliance with section 15 of the general corporation law (Laws 1890, p. 1063, c. 563), and it fails to show that any one of the parties is a resident of this city. For this reason the defendants demurred, on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action and (2) that the court had no jurisdiction.

The rule is that compliance with section 15 of the general corporation law should be alleged and proved by a foreign stock corporation, doing business in this state and suing upon a contract made in this state, in order to establish a cause of action in the courts of this state. Wood v. Ball, 190 N. Y. 225, 83 N. E. 21. Nevertheless, as the prohibition by the statute of the enforcement of contracts made by a foreign corporation extends only to actions upon contracts made in this state by a foreign stock corporation, other than a moneyed corporation, doing business in this state, it follows that, unless the complaint shows those facts as to the character of the corporation, and that it does business in this state, and that the contract was made in this state, the complaint is not demurrable because it fails to allege that the required certificate was procured. Union Trust Co. v. Sickels, 125 App. Div. 108, 109 N. Y. Supp. 262. In the complaint in suit there is nothing to suggest either that the plaintiff is doing business in this state within the meaning of the statute, or that the contract was made in this state. The first ground of the demurrer is, therefore, not well founded.

So far as the second ground of the demurrer is concerned, there is nothing in the complaint to indicate that either of the defendants is a resident of this city, while it is stated that plaintiff is a foreign corporation. The statute provides that where all the parties reside out of the city, the action may be brought in any district. Municipal Court Act (Laws 1902, p. 1497, c. 580) § 25, subd. 3. There is no

restriction in the statute against a foreign corporation bringing an action against a nonresident. Flynn v. White, 122 App. Div. 783, 107 N. Y. Supp. 860. It is quite as reasonable to infer from the complaint that all the parties are nonresidents as the contrary, and the second ground of demurrer is untenable.

The interlocutory judgment overruling the demurrer must be affirmed, with costs, and the appeal from the final judgment, entered on default, dismissed.

MacLEAN, J. (specially concurring). The complaint of the plaintiff, a foreign corporation, failing to disclose the transaction by it of business, or that the contract, the subject of its suit, was made within this state, is not demurrable, under the authority of Union Trust Co. v. Sickels, 125 App. Div. 105, 108, 109 N. Y. Supp. 262, for failure to allege the procurement of the certificate required by section 15 of the general corporation law; nor is it demurrable because of failure to disclose the residence of the defendants, since "in an action brought in the district courts the plaintiff is not required to allege or prove the residence of either or all of the parties." (Dammann v. Peterson, 17 Misc. Rep. 369, 370, 40 N. Y. Supp. 70), and the Municipal Court of the City of New York is but a continuation, consolidation, and reorganization of the District Courts of the old city (Worthington v. London G. & A. Co., 164 N. Y. 81, 58 N. E. 102).

The interlocutory judgment overruling the demurrer herein was proper, and should be affirmed; but the parties defendant, having appeared and pleaded and having suffered judgment by default to be rendered against them, may not appeal from such judgment (Kerr v. Walter, 104 App. Div. 45, 93 N. Y. Supp. 311), and therefore the appeal should be dismissed.