1. CORPORATIONS (§ 648*)—FOREIGN CORPORATIONS—CERTIFICATE.

General Corporation Law (Consol. Laws, c. 23) § 15, providing that every foreign corporation doing business in the state shall obtain a certificate, applies to the customary business for which the corporation was organized, and not to an investment in real estate, which is leased by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the corporation, unless it is organized for the purpose of taking title to or leasing land.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2516; Dec. Dig. § 648.*]

2. CORPORATIONS (§ 673*)—FOREIGN CORPORATIONS—PRESUMPTION.

There is no presumption that every foreign stock corporation is doing business in the state when it sues on a contract made within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2558; Dec. Dig. § 673.*]

8. CORPORATIONS (§ 642*)—FOREIGN. CORPORATIONS—"DOING BUSINESS WITHIN THE STATE."

Holding real estate by a foreign corporation for investment is not "doing business within the state."

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Action by the Singer Manufacturing Company against the Granite Spring Water Company. Judgment on the pleadings granted.

Putney, Twombly & Putney, for plaintiff.

Prince & Flanders Verplanck, for defendant.

GERARD, J. Action is for rent of premises in this city. Defendant demurs in effect on the ground that it appears on the face of the complaint that plaintiff is a foreign corporation doing business in this state and suing on a contract made in this state without having obtained the certificate required by section 15 of the General Corporation Law. Plaintiff moves for judgment on the pleadings. The only fact pleaded from which it might be inferred that the plaintiff is doing business in this state is the statement that plaintiff leased to defendant certain premises in this city. I think the statute intended to refer only to the doing of the regular and customary business for which the corporation was organized. Union Trust Co. v. Sickels, 125 App. Div. 105, 109 N. Y. Supp. 262; Commercial Coal & Iron Co. v. Polhemus, 128 App. Div. 247, 112 N. Y. Supp. 646. Investment in real estate in the state which is leased is an independent investment, in no sense employed within the state in the transaction of ordinary business. People ex rel. Singer Co. v. Wemple, 150 N. Y. 46, 44 N. E. 787; People ex rel. Niagara River H. Co. v. Roberts, 157 N. Y. 676, 51 N. E. 1093. Of course, if the foreign company is organized for the immediate purpose of taking title or leasing land a different question would be presented (People ex rel. Wall & Hanover St. R. Co. v. Miller, 181 N. Y. 328, 73 N. E. 1102), but in this case such fact does not appear on the face of the complaint. The foreign corporation may be presumed to be a stock corporation (Portland Co. v. Hall & Grant.Const. Co., 123 App. Div. 495, 108 N. Y. Supp. 821), but it cannot be presumed that because it is a foreign stock corporation it is doing business in this state. The statute in question reads not only "foreign stock corporation" but "foreign stock corporation doing business in this state," and, as above stated, the mere owning and leasing of real estate in this

state held for investment is not necessarily doing business in this state, and that is the only fact which can be inferred from the complaint. The recent cases in the Court of Appeals (Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21; South Bay Co. v. Howey, 190 N. Y. 240, 83 N. E. 26) all refer to corporations actually doing business in this state. I do not think that every foreign stock corporation which sues on a contract made here must be presumed to be doing business in the state, especially when it has been held that the holding of real estate for investment does not mean that it is carrying on business within the meaning of our laws.

Motion granted with costs.