(78 Misc. Rep. 181.)

ALTHAUSE v. GUARANTY TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

1. CORPORATIONS (§ 650*)—FOREIGN STOCK CORPORATIONS—STOCKBOOKS.

Stock Corporation Law (Consol. Laws 1909, c. 59) § 33, providing that every foreign corporation having an office for the transaction of business in this state shall keep therein a book, to be known as a "stockbook," which shall be open daily for the inspection of stockholders, and, if any such foreign corporation has in this state a transfer agent, such stockbook may be deposited in the office of such agent, imposes no obligation upon a foreign stock corporation which merely transacts business in this state, but only on one "having an office for the transaction of business in this state."

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2517, 2573; Dec. Dig. 650.*]

2. CORPORATIONS (§ 650*)—FOREIGN STOCK CORPORATIONS—STOCKBOOKS—"OFFICE FOR THE TRANSACTION OF BUSINESS."

A foreign stock corporation, leaving its blank stock certificates and its stockbook with a trust company in this state, which acted as a transfer agent, cannot be said to have an "office for the transaction of business" in this state, within Stock Corporation Law (Consol. Laws 1909, c. 59) § 33, providing that every foreign corporation having an office for the transaction of business in this state shall keep therein a stockbook, and that, if any such foreign stock corporation has in this state a transfer agent, such stockbook may be deposited in the office of such agent, for inspection of stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2517, 2573; Dec. Dig. § 650.*]

3. WORDS AND PHRASES—"OFFICE."

To have an "office," in ordinary or technical parlance, implies to have that control of an office which an owner or lessee, or at least a licensee, would exercise.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 4921-4931; vol. 8, p. 7736.]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Walter Althause against the Guaranty Trust Company of New York.   Judgment for plaintiff for the penalty provided by Stock Corporation Law, § 33, and defendant appeals.   Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Davies, Auerbach, Cornell & Barry, of New York City (Julien T. Davies, of Great River, and Herbert Barry, of New York City, of counsel), for appellant.

James A. Allen, of New York City, for respondent.

BIJUR, J.   There is no dispute as to the facts involved in this case. The American Woolen Company is a New Jersey corporation, having its main office, where it keeps all its books, including its ultimate stock transfer book, in the state of New Jersey.   It has no office in the state of New York, and so far as appears does no business here.   It

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

137 N.Y.S.—60

employs the defendant as a stock transfer agent, delivering to such agent certificates of stock duly executed in blank, which the agent in turn delivers to persons who surrender an equivalent amount of old certificates properly indorsed. The actual transfer of stock is made at the Woolen Company's New Jersey office. The transfer agent has a so-called stockbook of the Woolen Company, which contains an alphabetical list of stockholders, their place of residence, the number of shares held by them, and the time when they became stockholders, but does not show the amount paid upon such stock.

Plaintiff, a stockholder, duly demanded of defendant an opportunity to inspect such book during business hours, and was refused. Both sides agree that the issue raised is the construction of section 33 of the law (Consol. Laws 1909, c. 59) as applied to this situation. The statute, so far as involved here, reads:

"Every foreign corporation having an office for the transaction of business in this state, except moneyed and railroad corporations, shall keep therein a book to be known as a stockbook. * * * Such stockbook shall be open daily * . * * for the inspection of its stockholders. * * * If any *such* foreign corporation has in this state a transfer agent, * * * such stockbook *may* be deposited in the office of such agent and shall be open to inspection"

—in the same way. The penalty for refusal to exhibit the book is $250.

The respondent contends that the function exercised by the transfer agent is the "transaction of business" within the state, in the sense in which the term is used in the statute, and that, consequently, the transfer agent is liable for the penalty in the case at bar. I am by no means prepared to accept that definition of the phrase "transaction of business," although it is supported by People ex rel. Miles v. Montana & Boston Co., 40 Misc. Rep. 282, 81 N. Y. Supp. 974. On the other hand, a contrary view is indicated in Honeyman v. Col. F. & I. Co. (C. C.) 133 Fed. 96, and Union Trust Co. of Rochester v. Sickels, 125 App. Div. 105, 109 N. Y. Supp. 262.

[1] However, respondent's contention in this respect is somewhat beside the point. The statute imposes no obligation upon a foreign stock corporation which transacts business in this state, but only on one *"having an office* for the transaction of business in this state," and that distinction is recognized in Hovey v. De Long Hook & Eye Co., 147 App. Div. 881, 133 N. Y. Supp. 25, in which the prevailing opinion, interpreting this very section, holds that it is the having of the office for the transaction of its business, and not the doing of the business or the extent thereof, which determines the application of the law.

[2] The real question, therefore, is whether, through leaving its blank stock certificates and its stockbook with the defendant herein, the American Woolen Company "has an office for the transaction of business in this state," a question which I think the language and context of the law requires to be answered in the negative. The statute provides, in substance, that, if a foreign corporation *has* an office in this state, it shall keep a certain book *therein,* and adds that, if any *such* foreign corporation, namely, one having an office in this

state, has a transfer agent also, it "may," *at its option,* deposit the stockbook *in the office of such agent.* Plainly two offices are contemplated: The one which the foreign corporation *has;* and the other the office of the agent.

The structure of the sentence points to the same conclusion. If the Legislature had contemplated that every foreign corporation having merely a transfer office in this state should keep a stockbook, the statute would have read:

"Every foreign stock corporation having an office," etc., "in this state, and every foreign stock corporation having a transfer agent in this state, shall keep either in its own office or the office of such agent, respectively, such stockbook," etc.

Finally, I do not see how, without doing violence to the commonly accepted meaning of ordinary terms, the office of a trust company in this city, with which the American Woolen Company has some administrative arrangement for exchanging stock certificates, can be denominated or regarded as the office of the American Woolen Company, whether for the transaction of business or otherwise.

[3] To have an office implies, in ordinary or in technical parlance, to have that control of an office which an owner or lessee, or, at least, a common licensee, would exercise; and in the case at bar, no such control is indicated, or even supposable.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

SEABURY, J. (concurring). This is an action to recover a penalty under section 33 of the New York Stock Corporation Law. The action is brought by the plaintiff as a stockholder of the American Woolen Company against the Guaranty Trust Company of New York, upon the ground of an alleged refusal by the defendant to permit the plaintiff to examine certain books kept by the defendant as a "transfer agent" of the American Woolen Company. Section 33, as I understand it, refers only to a foreign corporation having an office for the transaction of business in this state. The duty to deposit the stockbook with the transfer agent, which is imposed by this section, applies only to "such foreign corporations." It is conceded that the American Woolen Company is a foreign corporation, and that it has no office for the transaction of business in this state, unless the transactions conducted by the Guaranty Trust Company of New York may be construed as a matter of law to constitute the transaction of business by the American Woolen Company in the state of New York. The Guaranty Trust Company of New York was the agent of the American Woolen Company in New York only for the purpose of receiving certificates of stock as an incident to their transfer and for delivering new certificates after the transfer had been made in the state of New Jersey. This single duty, which the American Woolen Company employed the Guaranty Trust Company of New York to perform in this state, does not establish that the American Woolen Company had "an office for the transaction of business in this state."

It follows that the defendant Trust Company did not have in its custody or control any "stockbooks," which the stockholders of the American Woolen Company were entitled to inspect under the provisions of section 33 of the New York Stock Corporation Law. Whatever may be the rule on this question which shall ultimately be adopted, I feel that this court should adhere to the rule applied in Hovey v. Lawyers' Title Insurance Co., Appellate Term, December 11, 1911, affirming, without opinion, a judgment involving this precise question.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

GUY, J. (dissenting). Plaintiff sues as a stockholder of a foreign corporation to recover the penalty provided by section 33 of the Stock Corporation Law for refusing to permit a stockholder to inspect the stockbook of a foreign corporation deposited in this state, pursuant to the provisions of said law.

The foreign corporation in question is the American Woolen Company, a New Jersey corporation, of which plaintiff was admittedly a stockholder at the time when he demanded an inspection. There is no proof that said company has an office in this state for the transaction of other business, or does actually transact other business within the state, than as connected with the transfer of its shares of stock through the defendant, its transfer agent. The method followed in connection with such transfers is that the American Woolen Company delivers to the defendant certificates of stock duly executed in blank, which the defendant, in turn, delivers to persons who surrender an equivalent amount of old certificates properly indorsed; the actual entry of the transfer of stock being subsequently made at the office of the American Woolen Company in New Jersey.

The issue raised upon this appeal is the construction of section 33 of the Stock Corporation Law, which, so far as it is applicable to the present case, provides as follows:

"Every foreign corporation having an office for the transaction of business in this state * * * shall keep therein a book to be known as a stockbook. * * * Such stockbook shall be open daily * * * for the inspection of its stockholders. * * * If any such foreign corporation has in this state a transfer agent, * * * such stockbook may be deposited in the office of such agent and shall be open to inspection"

—in the same way; and the act prescribes a penalty of $250 for refusal to exhibit the book upon demand during business hours.

It is contended by the defendant appellant that the having an office for the transfer of stock in this state does not bring the foreign corporation within the meaning of the statute, and it cites in support of this contention several decisions of the federal courts holding that such an office would not constitute *doing business within the state* to an extent which would subject such corporation to service of process here. But section 33 is not made applicable merely to foreign corporations doing business within the state. It applies to all such corporations having an office for the transaction of business in the state, and directs that they shall keep a stockbook in such office. The stat-

ute further provides, as an alternative, that any such foreign corporation, having a transfer agent in this state, may deposit the stockbook with the transfer agent, and that such book shall be "open for inspection," meaning thereby that, when such stockbook shall have been deposited by a foreign corporation with its transfer agent in this state, such book shall be deemed to have been so deposited pursuant to the provisions of the statute, and shall be open to inspection, and that the custodians thereof shall be liable under the penalty prescribed in the statute for a refusal to permit its inspection by a stockholder upon proper demand.

One of the purposes of the statute is to protect the rights of residents of this state, who are stockholders of foreign corporations, wherever such foreign corporations can be brought within the jurisdiction of this state, to the same extent that our laws protect stockholders of domestic corporations. The business to which the statute refers is not merely general business, such as is contemplated by other provisions of our laws relating to taxation and the *doing of business* within the state by foreign corporations; but such business as is customarily transacted, either directly or through transfer agents, between foreign corporations and resident stockholders thereof, such as the surrender by the stockholders of old certificates and the receiving of new certificates in lieu thereof. The fact that the actual transfer is entered upon the books of the corporation subsequently in a foreign state is immaterial. The business of the transfer is transacted here, and the transfer agent's office is an office established by the corporation for the transaction of such business within the meaning and purpose of the statute. In this case the foreign corporation has recognized its duty by actually depositing a stockbook with its transfer agent, and the statute directs the custodian of such book, so deposited by the corporation in obedience to the statute, or by reason of the permissive provisions of the statute, to keep it open for inspection by stockholders. The corporation having availed itself of the permission of the statute, and brought itself voluntarily within the jurisdiction of the state for that purpose, it does not lie with the custodian of such book to question the statute.

In Miles v. Montana & Boston Copper Co., 40 Misc. Rep. 282, 285, 81 N. Y. Supp. 974, in a learned opinion by Mr. Justice Leventritt, this court at Special Term has decided that the having of a transfer agent within the state for the purpose of accepting the surrender of old certificates and the issuance of new certificates is having an office for the transaction of business within the meaning of the statute; and I entirely concur in that opinion. But, irrespective of that, the book is now within the jurisdiction of this state, having been deposited by the foreign corporation in a place designated by the statute, and is, in the hands of the custodian thereof, subject to the provisions of the statute.

The defendant, therefore, having, by refusal to obey the statute, rendered itself liable for the penalty prescribed thereunder, the judgment appealed from should be affirmed, with costs.