CASSIDY'S, LIMITED, Respondent, v. JOSEPH ROWAN and TERESA ROWAN, Appellants.

(Supreme Court, Appellate Term, First Department, March, 1917.)

Lease — to foreign corporation — landlord and tenant — what constitutes " doing business in this state " — evidence.

> The subletting to different tenants, of a building in the city of New York leased to a foreign corporation under a lease delivered in this state, constitutes " doing business in this state."

APPEAL by defendants from a judgment of the City Court of the city of New York, entered upon a verdict of a jury directed by the court.

James F. Nugent, for appellants.

John Hovorka (Walter L. Bunnell, for counsel), for respondent.

BIJUR, J.   This action is brought by a foreign corporation to recover for the rent of certain premises for three months of 1916.   Although there is some discussion in the brief on the question of constructive eviction, it does not appear that such defense was adequately established.   On the other hand defendants pleaded and proved that plaintiff was a foreign corporation engaged in business in this state, and that the contract, namely, the lease, upon which this action was brought, was made in this state, and that plaintiff had not obtained a certificate authorizing it to do business, as required by section 15 of the General Corporation Law.   The plaintiff makes two answers to this conten-

tion, neither of which is sound:  *First,* that the lease
was not made in this state, which claim is apparently
based on the fact that although the defendants signed
the lease here the plaintiff signed it in Canada.  It
was, however, delivered in this state, and must there-
fore be regarded as a contract made here.  *Witthaus* v.
*Starin,* 12 Daly, 226.

Plaintiff's second point is that it was not doing busi-
ness in this state, on the authority of *Singer Manu-
facturing Co.* v. *Granite Spring Water Co.,* 66 Misc.
Rep. 595; also *Singer Sewing Machine Co.* v. *Foster,*
75 id. 641, and *People ex rel. Singer Manufactur-
ing Co.* v. *Wemple,* 150 N. Y. 46.  But it is quite appar-
ent from a reading of these cases that they turn on the
point that unless a foreign corporation is organized
for the purpose of holding or operating real estate,
the *mere investment of surplus funds* in this state does
not constitute '' doing business in this state.''  The
plaintiff does not come within the letter or spirit of
this reasoning, because it did not even own the
premises rented, but was merely lessee thereof.  There
is a statement in the record by plaintiff's counsel as
follows:  '' Cassidy's Limited rented that whole build-
ing, and they have been subletting it to different
tenants, if that constitutes doing business there, but I
claim they do not.  *  *  *  That lease was thrown
at them, as I understand it; they could not help it on
account of the failure of the Bawo & Dotter Com-
pany.''  Of course a statement of this kind cannot take
the place of testimony unless accepted as such, and
there is nothing to indicate that it was either so under-
stood or accepted by the court or by defendants' coun-
sel; but in any event it does not alter the fact that the
plaintiff was lessee of a building in this city and
engaged in subletting it for profit.  I know of no

authority, nor am I cited to any, for holding that it was not, under those circumstances, engaged in doing business in this state.

HENDRICK and WEEKS, JJ., concur.

Judgment reversed and new trial granted, with costs to the appellants to abide the event.