WILLIAM E. MCMAHON, Plaintiff, *v.* THE NATIONAL CITY BANK OF NEW YORK, Defendant.

City Court of New York, New York County, December 22, 1931.

*Boyd, Chapman, Vreeland & Gaither,* for the plaintiff.

*Shearman & Sterling,* for the defendant.

KAHN, J. By the present motion defendant asked the court to decline to retain jurisdiction of the action. The action is brought to recover damages for an alleged breach of a contract made and to be performed in Mexico. The plaintiff is a non-resident citizen of the United States; he has resided in Mexico since 1920. Defendant is a domestic corporation with a branch office for the conduct of its business in Mexico.

It is well settled that the courts of this State will assume and retain jurisdiction of all actions founded on foreign contracts or commercial transactions without regard to the residence of the parties. (*Werthheim* v. *Clergue,* 53 App. Div. 122, 125, 126; *Furbush* v. *Nye,* 17 id. 325, 326; cited with approval in *Gregonis* v. *Phila. & Reading Coal & Iron Co.,* 235 N. Y. 152, 159; *Davis* v. *Kessler,* 118 Misc. 292, 295; *Crane, etc.,* v. *N. Y., N. H. & H. R. R. Co.,* 131 id. 71, 72.)

The main ground urged as a reason for the dismissal of the complaint is that all the witnesses, data and correspondence needed upon the trial of the action are in Mexico and, therefore, the convenience of the parties will be best served by relegating them to the tribunals of that country for a determination of their controversy. The argument of convenience was definitely rejected by the court in *Crane* v. *N. Y., N. H. & H. R. R. Co. (supra)* as a sufficient reason for the refusal to entertain jurisdiction of cases of this character.

For the foregoing reasons the motion is denied. Order signed.