This bill is by the attorney-general to enforce the Blue Sky law. He charges the defendants with fraudulent sales of Television, Incorporated, stock to the unemployed upon false promises of work in a subsidiary's factory: "A job if you buy" was the slogan, and many bought. When caught by the police, restitution was made; headquarters were closed and the defendants quit the state, but not until after the attorney-general had started to investigate. Upon filing the bill the defendants were ordered to show cause why they should not be restrained from the further fraudulent sales of stock within and from this state. The order directed service thereof to be made upon the defendants personally or by leaving the same at their last known place of business, residence or abode either within or without this state or by *Page 307 
mailing the same by registered mail to such place of business, residence or abode. Service was made personally on the corporate defendant without the state and on the individual defendants by post, by registered mail, to their addresses outside the state, which they received. The defendants, with the court's leave, entered a special appearance to move to set aside the service of the order to show cause. The motion, as stated in the notice, is to dismiss the bill and to vacate the order to show cause. That cannot be entertained under the privilege of the special appearance. The motion will be regarded as within the limitation of the grace and the notice as accordingly amended in order to decide the question raised, that the court has no jurisdiction over the person of the defendants by the service of process upon them by registered mail outside the state, that such service violates the due process of law provision of the fourteenth amendment of the federal constitution.
P.L. 1930 ch. 51 p. 244 provides that where personal service of process cannot be made within the state, service may be made by (a) personal service without the state, (b) mailing by registered mail to the last known place of business, residence or abode within or without the state, (c) as the court may direct in lieu of personal service within the state.
Service, it will be observed, was made according to the statute as well as pursuant to the directions of the court, embodied in the order to show cause.
The argument is that the suit is in personam and that there can be no personal judgment without personal service within the state. As a general proposition the legal principle is correctly stated. Pennoyer v. Neff, 95 U.S. 714. But the fourteenth amendment, which declares that no state shall deprive any person of life, liberty or property without due process of law is not invaded; it is not depriving one of his liberty or property to deny him license to defraud. This is not a case seeking a personal recovery against the defendants; it is to foreclose them. The state is not asking anything of them; it wants nothing from them. The police *Page 308 
having driven them across the Hudson, the state seeks assurance, by the injunction, that they will not return unless to show to the court that they are not guilty of the offenses with which they are charged. If they do not avail themselves of the opportunity to contest the merits, they cannot, on a special appearance, be heard to assail the power of the state to enforce its police regulations against marauders, nor question the court's jurisdiction to banish them for failure of service of process within the state, which they have made impossible, or for want of a hearing before condemning, to which they refuse to respond. The statutory process puts them on notice. They have their choice of appearing and proving their innocence or the consequences, by staying away. They may submit to our jurisdiction or decline; in either event they will be estopped from denying it.
That the state has the power to ordain against imposition in the sales of fraudulently represented securities is established law. Hall v. Geiger-Jones Co., 242 U.S. 539; Merrick v. N.W.Halsey Co., 242 U.S. 568. That it may prescribe the means of protection and the methods of enforcing them necessarily flows from the power to decree and the physical power to enforce its decree. Substituted service — with actual notice — is a valid exercise of the police powers and consistent with due process of law provision of the federal constitution. Rubin v. Goldstein,9 N.J. Mis. R. 460.
But if we assume that the cause is, in a sense, in personam, there is jurisdiction by consent. The three defendants came into the state to carry on in defiance of its laws. Television, Incorporated, opened an office in Newark where and from which the defendant Corbin, as manager, with his corps of high-powered salesmen, exploited the already impoverished in the sale of the company's stock, some of which belonged to the third defendant, Cox, who participated. Though their practices were unlawful and condemned by the statute, they must be held to have submitted to our jurisdiction to the same extent as if their conduct were above reproach. It is held in cases of foreign automobilists that they are *Page 309 
amenable to actions for damages in this state for injuries while using our highways and, charged with notice of our statutes, are held to subject themselves to our jurisdiction by the service of process upon the secretary of state to be forwarded to them by mail. Dwyer v. Volmar Trucking Corp., 105 N.J. Law 518; Rubin
v. Goldstein, supra. Hess v. Pawloski, 274 U.S. 352, was an appeal to the supreme court of the United States involving a statute of the State of Massachusetts, which is substantially the same as ours, providing for service of process against a non-resident driver upon the register and that notice of such service be sent by registered mail to the defendant. The supreme court said:
"The measure in question operates to require a non-resident to answer for his conduct in the state where arise causes of action alleged against him, as well as to provide for a claimant a convenient method by which he may sue to enforce his rights. Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the non-resident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. * * * It makes no hostile discrimination against non-residents but tends to put them on the same footing as residents. Literal and precise equality in respect of this matter is not attainable; it is not required. Canadian Northern RailwayCo. v. Eggen, 252 U.S. 553, 561, 562. The state's power to regulate the use of its highways extends to their use by non-residents as well as by residents. Hendrick v. Maryland,235 U.S. 610, 622. And, in advance of the operation of a motor vehicle on its highway by a non-resident, the state may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. Kane v.New Jersey, 242 U.S. 160, 167. That case recognizes the power of the state to exclude a non-resident until the formal appointment is made. And, having the power so to exclude, the state may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may *Page 310 
be served. * * * The difference between the formal and implied appointment is not substantial so far as concerns the application of the due process clause of the fourteenth amendment."
Under the Blue Sky law the duty of forwarding the process by mail is imposed upon the attorney-general. In substantial legal effect, the methods of service are the same except one is direct, the other indirect.
It is argued on behalf of the corporation that as it had not applied to do business in this state, and that in selling its capital stock it was not doing business in this state (UnionTrust Co. v. Sickels, 109 N.Y. Supp. 262), it is immune from our jurisdiction. Wilson v. American Palace Car Co., 65 N.J. Eq. 730.
We may concede the premise and that the authorities are applicable, without admitting the conclusion. The corporation is not charged with doing business in this state; it is denounced for swindling. There is no immunity because of privilege of being judged only in the jurisdiction of its domicile, for there the courts have no jurisdiction of the subject-matter.
The order allowing the special appearance will be vacated with leave to withdraw the appearances, otherwise the defendants will be allowed twenty days to answer the service as made.