SPIEGEL MAY STERN COMPANY, Respondent, *v.* FRED MALE, Appellant.

County Court, Schenectady County, January 31, 1934.

*E. Hamilton Smith*, for the appellant.

*Abram Lifset*, for the respondent.

LIDDLE, J.   From the record it appears that the plaintiff, Spiegel May Stern Company, is a non-resident corporation; that its principal place of business is in the city of Chicago, State of Illinois; that defendant Fred Male is a resident of the town of Rotterdam, county of Schenectady and State of New York; that he was served with a copy of the summons in the City Court of the City of Schenectady on the 16th day of August, 1933, returnable on the 22d day of August, 1933; that defendant has no legal place of business in the city of Schenectady.

The defendant maintains that because the City Court of Schenectady is a court of limited jurisdiction and because both plaintiff and defendant are non-residents of the city of Schenectady and have no legal place of business in the city of Schenectady, the court is without jurisdiction.

Chapter 393 of the Laws of 1927, commonly known as the Schenectady City Court Practice Act, and the amendments thereto were enacted, among other things, for the purpose of clarifying the practice and procedure therein; to extend the territorial jurisdiction of the court pursuant to the constitutional amendment of 1925; to encourage attorneys and litigants to use this court more frequently and thus prevent congested litigation in other courts; and also to prevent the delay of justice which has been and is now so generally discussed.   These and many others were motives which impelled the final enactment of the Schenectady City Court Act.

From an examination of article 1, section 6, the territorial jurisdiction of this court is extended to the county of Schenectady, and its mandate and its process is extended to the county of Schenectady, with certain reservations and limitations as mentioned in subdivisions 1 and 2 of said section 6, " except in a case where all of the plaintiffs are non-residents of the county."

This plaintiff, being a non-resident, clearly comes within this exception, and when it, as plaintiff, instituted such an action in the Schenectady City Court and submitted its cause of action to the jurisdiction of the court, it elected to seek a remedy through such tribunal and to abide by its decision and mandate.   Territorial jurisdiction is one of substance rather than form, and it is well settled that the courts of this State will assume and retain jurisdiction of all actions founded on foreign contracts or commercial transactions, without regard to the residence of the parties. (McMahon v. National City Bank, 142 Misc. 268.)

Upon an examination of the Municipal Court Act of New York City, the Buffalo City Court Act and the Syracuse Municipal Court Act, this same exception as indicated above is included in the Schenectady City Court Act.   Justice LAUER, in his work on

Municipal Court Practice, page 216, says: "The statute provides that where all the parties reside out of the city the action may be brought in any borough. The language of this section gives jurisdiction over actions in which both plaintiffs and defendants are non-residents. There is no restriction in the statute against a foreign corporation bringing an action against a nonresident." (See, also, *American Mfg. Co.* v. *Weintraub*, 115 N. Y. Supp. 88.)

The City Court of Schenectady, therefore, under this exception is authorized with jurisdiction and the judgment and order of the City Court is hereby affirmed. No costs allowed. An order may be likewise submitted.