Under R.S. 49:1-1 et seq., the Attorney-General of this state is charged with the duty of enforcing the New Jersey Securities Law. As complainant, he instituted an investigation into the practices of the defendant in connection with the sale of securities within this state (R.S. 49:1-5), and served the defendant with a subpoena on April 26th, 1943, by registered mail (R.S. 49:1-17.b) returnable on May 3d 1943. The defendant having failed to respond to the subpoena, application for injunction until such subpoena is complied with was granted by the court upon proof offered of such failure to answer the subpoena (R.S. 49:1-10). Thereupon an order to show cause issued May 4th, 1943, returnable May 18th, 1943, why a final decree should not be made against him. The order provided that a copy of the order and the bill of complaint and affidavit upon which it is founded, certified by the solicitor of the complainant as true copies, be served on the defendant either personally or by leaving the same at his usual place of business, residence or abode, either within or without this state, or by mailing same by registered mail to the defendant at his last known place of business, residence or abode, within or without this state. The proof of service shows that the bill of complaint and order to show cause was served upon the defendant May 4th, 1943, by registered mail at 477 Bayview Avenue, Toronto, Ontario, Canada, the business address of the defendant.
The order to show cause was, on motion of counsel for the complainant, continued to June 22d 1943. The solicitor for the defendant now presents petition on behalf of the defendant for permission to enter a special appearance for the purpose of quashing or setting aside the service of the aforesaid order upon the defendant upon the grounds that the defendant was and is a non-resident; that the court lacks jurisdiction over him and further that the service made upon him violates the constitution of the state (paragraph 1 of article 1) and section 1 of the Fourteenth Amendment to the Constitution *Page 490 
of the United States, in that it deprived the defendant of property without due process of law. Service upon the defendant by registered mail of a copy of the order to show cause and of the bill of complaint was in said petition admitted.
The application for permission to enter a special appearance is denied.
The Attorney-General charges in the bill of complaint that he believed it to be in the public interest that an investigation should be made as to whether the defendant in the instant case had engaged in any practices declared to be illegal and prohibited by the New Jersey Securities Law. Upon that official is placed the duty of enforcing the statute in question.
The argument advanced in the instant case is the same as that advanced in Stevens v. Television, Inc., 111 N.J. Eq. 306;162 Atl. Rep. 248, namely, that this suit is one in personam, and that therefore there can be no personal judgment entered without personal service within the state, defendant's counsel citingPennoyer v. Neff, 95 U.S. 714; 24 L.Ed. 565. This, however, as pointed out by Vice-Chancellor Backes in Stevens v.Television, Inc., supra, "is not a case of seeking a personal recovery against the defendants; it is to foreclose them. The state is not asking anything of them; it wants nothing from them." The state has the power to ordain against imposition in the sale of fraudulent securities. Hall v. Geiger-Jones Co.,242 U.S. 539; 61 L.Ed. 480; Merrick v. N.W. Halsey Co.,242 U.S. 568; 61 L.Ed. 498. Since the state has such power to ordain against imposition upon the gullible, it may prescribe the means of protection and the procedure for enforcement of its laws including substituted service, such as the defendant admits he received. *Page 491